658 So.2d 983 (1995)
STATE of Florida, Petitioner,
v.
Albert CALLAWAY, Jr., Respondent.
No. 84525.
Supreme Court of Florida.
July 20, 1995.
*984 Robert A. Butterworth, Atty. Gen.; Dale E. Tarpley, Sr. Asst. Atty. Gen. and Robert J. Krauss, Sr. Asst. Atty. Gen., Chief of Crim. Law, Tampa, for petitioner.
Albert Callaway, Jr., Avon Park, pro se.
GRIMES, Chief Justice.
We have for review Callaway v. State, 642 So.2d 636 (Fla. 2d DCA 1994), in which the district court of appeal certified the following as questions of great public importance:
1. WHETHER A SENTENCE THAT ALLEGEDLY VIOLATES THE RULE ANNOUNCED IN HALE MAY BE CORRECTED UNDER RULE 3.850 WHEN THE SENTENCE HAS BEEN FINAL FOR MORE THAN TWO YEARS.
2. IF NOT, WHETHER AN UNSWORN MOTION UNDER RULE 3.800 THAT ALLEGES A HALE SENTENCING ERROR AND REQUESTS A FACTUAL DETERMINATION OF THE NUMBER OF CRIMINAL EPISODES ALLEGES AN "ILLEGAL" SENTENCE *985 THAT MAY BE RESOLVED AT ANY TIME.
Id. at 642. We have jurisdiction under article V, section 3(b)(4) of the Florida Constitution.
Albert Callaway was convicted of burglary of a structure and grand theft. On July 5, 1990, he was sentenced as a habitual felony offender to two consecutive ten-year sentences. In June 1991, the district court of appeal affirmed those sentences. On January 27, 1994, Callaway filed a motion under rule 3.800(a), Florida Rules of Criminal Procedure, alleging that the imposition of consecutive habitual felony offender sentences constituted an "illegal" sentence under this Court's reasoning in Hale v. State, 630 So.2d 521 (Fla. 1993), cert. denied, ___ U.S. ___, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994).[1]
In Hale, this Court found that there is no statutory authority that allows trial courts to impose consecutive habitual felony offender sentences for multiple offenses arising out of the same criminal episode. Id. at 524. This Court reasoned:
We find nothing in the language of the habitual offender statute which suggests that the legislature also intended that, once the sentences from multiple crimes committed during a single criminal episode have been enhanced through the habitual offender statutes, the total penalty should then be further increased by ordering that the sentences run consecutively.
Id.
In the instant case, the trial court determined that because resolution of the issue would require a factual determination of whether Callaway's sentences arose out of a single criminal episode, the issue could not properly be addressed under rule 3.800(a) and should have been raised in a sworn motion under rule 3.850, Florida Rules of Criminal Procedure.[2] The trial court regarded Callaway's motion as if it had been properly filed under rule 3.850 and summarily denied the motion as successive because Callaway had filed an earlier rule 3.850 motion that had been denied.
Callaway appealed the summary denial of his motion to the Second District Court of Appeal. Callaway, 642 So.2d at 638. The district court of appeal agreed with the trial court that Callaway should have filed the motion under rule 3.850 because resolution of the issue required a factual determination. Id. at 640. The court recognized, however, that Callaway's sentence had been final for more than two years and the two-year time limitation of rule 3.850 would bar the motion unless Hale could be applied retroactively.
The district court of appeal then considered whether there should be a two-year window following this Court's decision in Hale in which criminal defendants such as Mr. Callaway, who were sentenced prior to Hale, could challenge their sentences under rule 3.850.[3] In considering this question, the court recognized that a change of law will not be retroactively applied to provide postconviction relief under rule 3.850 unless it satisfies the three-prong test set forth in Witt v. State, 387 So.2d 922 (Fla.), cert. denied, 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980). Callaway, 642 So.2d at 640. The court concluded that the rule announced in Hale satisfied the Witt standards for retroactive application and a two-year window following Hale should be available to those whose sentences became final prior to Hale. Id. at 641. Accordingly, the court reversed the trial court's order denying Callaway's motion, remanded the case, and certified the above questions to be of great public importance. Id. at 642.
*986 At the outset, we note that the district court of appeal expressed some concern over whether this Court's decision in Bass v. State, 530 So.2d 282 (Fla. 1988), established a different standard than that expressed in Witt for determining whether a change of law should be applied retroactively to provide postconviction relief. In Bass, we found that it would be "manifestly unfair" not to retroactively apply the decision in Palmer v. State, 438 So.2d 1 (Fla. 1983) (finding that the imposition of consecutive minimum mandatory sentences was not authorized by statute). The Bass opinion, however, did not address the principles of Witt, and this caused some confusion among the courts regarding the proper standard for determining whether a change in law should be retroactively applied. We addressed this confusion in both McCuiston v. State, 534 So.2d 1144 (Fla. 1988), and State v. Glenn, 558 So.2d 4 (Fla. 1990), and stated that Witt is "the controlling case by which to determine whether a change in decisional law should be applied retroactively." Glenn, 558 So.2d at 7. We reaffirm our decisions in McCuiston and Glenn and again recognize that Witt provides the proper standard for determining whether a change in the law should be retroactively applied to provide postconviction relief under rule 3.850. We now address the certified questions.
WHETHER A SENTENCE THAT ALLEGEDLY VIOLATES THE RULE ANNOUNCED IN HALE MAY BE CORRECTED UNDER RULE 3.850 WHEN THE SENTENCE HAS BEEN FINAL FOR MORE THAN TWO YEARS.
Arguing that Hale is nothing more than an "evolutionary refinement in the law," the State claims that Hale should not be applied retroactively. The State maintains that Hale is not a decision of constitutional import and thus is not a candidate for retroactive application under Witt. The State further argues that retroactive application of Hale would require courts to re-examine previously final and fully adjudicated cases and engage in time-consuming factual determinations based on stale records.
Callaway, on the other hand, argues that Hale is not a mere "evolutionary refinement in the law" but is instead a "jurisprudential upheaval" comparable to the decision of the Supreme Court in Coker v. Georgia, 433 U.S. 584, 97 S.Ct. 2861, 53 L.Ed.2d 982 (1977) (finding the death penalty to be an impermissible sentence in rape cases). Callaway argues that the rule announced in Hale satisfies the three-prong Witt standard for retroactive application and furthermore that it would be manifestly unfair to criminal defendants who received consecutive habitual felony offender sentences prior to Hale to be treated differently from those similarly situated defendants who had the good fortune to be sentenced after Hale.
To determine whether Hale should be retroactively applied, the fundamental consideration is the balancing of the need for decisional finality against the concern for fairness and uniformity in individual cases. Witt, 387 So.2d at 929. Under Witt, a new rule of law may not be retroactively applied unless it satisfies three requirements. The new rule must (1) originate in either the United States Supreme Court or the Florida Supreme Court; (2) be constitutional in nature; and (3) have fundamental significance. Witt, 387 So.2d at 929, 930. The decision of this Court in Hale clearly satisfies the first requirement of the Witt analysis. Hale also satisfies the requirement that it be constitutional in nature. As the district court in the instant case recognized, in the absence of an empowering statute, the imposition of consecutive habitual felony offender sentences for offenses arising out of a single criminal episode could not withstand a due process analysis. Callaway, 642 So.2d at 640. Furthermore, the decision in Hale significantly impacts a defendant's constitutional liberty interests.
The third requirement of the Witt analysis requires that the change of law have fundamental significance. Witt, 387 So.2d at 929. According to the Witt court, decisions which have fundamental significance generally fall into two broad categories: (a) those decisions such as Coker v. Georgia, 433 U.S. 584, 97 S.Ct. 2861, 53 L.Ed.2d 982 (1977), "which place beyond the authority of the state the power to regulate certain conduct or impose certain penalties;" and (b) decisions such as Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. *987 792, 9 L.Ed.2d 799 (1963), which "are of sufficient magnitude to necessitate retroactive application" under the threefold test of Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), and Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965). Witt, 387 So.2d at 929. We need not decide whether the rule announced in Hale can be characterized as one of fundamental significance because we believe that the rule satisfies the threefold test of Stovall.
Under Stovall, consideration must be given to (i) the purpose to be served by the new rule; (ii) the extent of reliance on the old rule; and (iii) the effect that retroactive application of the rule will have on the administration of justice. 388 U.S. 293, 87 S.Ct. 1967. The purpose of the rule announced in Hale is to ensure that the sentences of criminal defendants convicted of multiple offenses arising out of a single criminal episode are not doubly enhanced by first lengthening the sentences under the authority of the habitual felony offender statute and then by imposing the lengthened sentences consecutively. Hale, 630 So.2d at 524.
Stovall also requires consideration of the extent of reliance on the old rule. We agree with the district court of appeal that although many courts may have relied upon the belief that habitual felony offender sentences could be imposed consecutively, that reliance could have existed for only a short period of time. Callaway, 642 So.2d at 641. As the district court noted, prior to 1988, when section 775.084, Florida Statutes (1987), was amended, habitual felony offender sentences were subject to the limitations of the sentencing guidelines. Id. at 641 n. 3 (citing to Whitehead v. State, 498 So.2d 863 (Fla. 1986) for support). Thus, any reliance on the belief that habitual offender sentences could be imposed consecutively for multiple offenses committed during a single criminal episode could only have existed during the six-year period between the 1988 amendment of section 775.084 and this Court's 1994 decision in Hale.
The third factor for consideration under Stovall addresses the impact that retroactive application of the rule will have on the administration of justice. We agree with the district court that retroactive application of the rule announced in Hale will have no serious adverse effect upon the administration of justice. Callaway, 642 So.2d at 641. Courts will not be required to overturn convictions or delve extensively into stale records to apply the rule. The administration of justice would be more detrimentally affected if criminal defendants who had the misfortune to be sentenced during the six year window between the amendment of section 775.084 and the decision in Hale are required to serve sentences two or more times as long as similarly situated defendants who happened to be sentenced after Hale.
We believe the rule announced in Hale satisfies the Witt standard for retroactive application. The concern for fairness and uniformity in individual cases outweighs any adverse impact that retroactive application of the rule might have on decisional finality. We therefore answer the first certified question in the affirmative and hold that a two-year window following this Court's decision in Hale shall be provided for criminal defendants to challenge the imposition of consecutive habitual felony offender sentences for multiple offenses arising out of a single criminal episode.
WHETHER AN UNSWORN MOTION UNDER RULE 3.800 THAT ALLEGES A HALE SENTENCING ERROR AND REQUESTS A FACTUAL DETERMINATION OF THE NUMBER OF CRIMINAL EPISODES ALLEGES AN "ILLEGAL" SENTENCE THAT MAY BE RESOLVED AT ANY TIME.
We turn now to the question of whether an alleged Hale sentencing error can be raised in an unsworn motion under rule 3.800 either in lieu of a rule 3.850 motion or after the two-year time period for filing a rule 3.850 motion has expired. The resolution of this issue hinges on whether a Hale sentencing error constitutes an "illegal" sentence within the meaning of rule 3.800(a).
In Judge v. State, 596 So.2d 73 (Fla. 2d DCA 1991) review denied, 613 So.2d 5 (Fla. 1992), the court recognized that there are three different types of sentencing errors: *988 (1) an "erroneous sentence" which is correctable on direct appeal; (2) an "unlawful sentence" which is correctable only after an evidentiary hearing under rule 3.850; and (3) an "illegal sentence" in which the error must be corrected as a matter of law in a rule 3.800 proceeding. Id. at 76, 77 & n. 1. We recently explained that an illegal sentence is one that exceeds the maximum period set forth by law for a particular offense without regard to the guidelines. Davis v. State, No. 84,155, ___ So.2d ___ [1995 WL 424172] (Fla. July 20, 1995). A rule 3.800 motion can be filed at any time, even decades after a sentence has been imposed, and as such, its subject matter is limited to those sentencing issues that can be resolved as a matter of law without an evidentiary determination.
Whether a Hale sentencing error has occurred will require a determination of whether the offenses for which a defendant has been sentenced arose out of a single criminal episode. We agree with the district court that this issue is not a pure question of law. As the district court recognized, "resolution of this issue depends upon factual evidence involving the times, places, and circumstances of the offense," and often cannot be determined from the face of the record. Callaway, 642 So.2d at 639. In the case at bar, for example, the district court noted that "our records suggest that the two convictions may have arisen out of a single criminal episode at Creasy's Lawn and Tractor Equipment on January 10, 1990, but we have no ability to make a factual determination on the issue." Id. at 638 n. 1. Resolution of the issue will require an evidentiary determination and thus should be dealt with under rule 3.850 which specifically provides for an evidentiary hearing. Fla.R.Crim.P. 3.850(d). We therefore answer the second certified question in the negative.
Accordingly, we approve the decision below.
It is so ordered.
OVERTON, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.
SHAW, J., concurs in result only.
NOTES
[1] Rule 3.800(a) states: "A court may at any time correct an illegal sentence imposed by it or an incorrect calculation made by it in a sentencing guideline scoresheet."
[2] Rule 3.850 allows a criminal defendant to challenge a judgment and/or sentence within two years after the judgment and sentence have become final on the grounds that "the court was without jurisdiction to enter the judgment or to impose the sentence, that the sentence was in excess of the maximum authorized by law, that the plea was given involuntarily, or that the judgment or sentence is otherwise subject to collateral attack."
[3] The two-year window is derived from the two-year time limit for filing motions under rule 3.850. See Adams v. State, 543 So.2d 1244 (Fla. 1989).