668 So.2d 1081 (1996)
Eddie Mack LOCK, Appellant,
v.
STATE of Florida, Appellee.
No. 95-03938.
District Court of Appeal of Florida, Second District.
March 1, 1996.
PER CURIAM.
Eddie M. Lock appeals the summary denial of his motion for postconviction relief. It is asserted that the trial court improperly sentenced him as a habitual violent felony offender to two consecutive life sentences for offenses which arose out of a single criminal episode. The trial court denied the motion as successive and untimely. We reverse and remand.
Lock's concise, properly sworn motion adequately alleges that the consecutive habitual offender sentences in his case appear to be unlawful and violative of Hale v. State, 630 So.2d 521 (Fla.1993), cert. denied, ___ U.S. ___, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994). Under the dictates of State v. Callaway, 658 So.2d 983 (Fla.1995) [approving Callaway v. State, 642 So.2d 636 (Fla. 2d DCA 1994) ], Lock's motion for postconviction relief raising the Hale issue is not untimely. The motion was filed August 10, 1995, within the two-year window of opportunity created by the supreme court to raise the Hale issue.[1]
This matter is remanded for the trial court to address Lock's motion. If it again denies the motion, it shall attach those portions of the record which conclusively refute Lock's allegations. Alternatively, the trial court *1082 may conduct an evidentiary hearing to address the matter.
Reversed and remanded.
FRANK, A.C.J., and ALTENBERND and WHATLEY, JJ., concur.
NOTES
[1] The supreme court has held that Hale v. State, 630 So.2d 521 (Fla.1993), cert. denied, ___ U.S. ___, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994), may be applied retroactively. There is a two-year window following the February 9, 1994, final decision in Hale for filing motions to challenge such an unlawful sentence. State v. Callaway, 658 So.2d 983, 987 (Fla.1995). Additionally, Lock's motion is not successive as his original motion for postconviction relief was filed before the Hale decision was final.