PER CURIAM.
Aaron Harris appeals an order denying his motion to correct an illegal sentence filed under Rule 3.800(a), Florida Rules of Criminal Procedure, in which Harris raised five issues regarding a 25-year habitual offender sentence imposed in 1990 upon his plea of nolo contendere to ten counts of burglary of a structure and several other counts relating to possession of burglary tools and criminal mischief. We affirm.
Rule 3.800(a) provides that a lower court may correct an “illegal sentence” at any time. In Davis v. State, 661 So.2d 1193, 1196 (Fla.1995), the supreme court defined “illegal sentence” within the context of Rule 3.800(a) to mean “one that exceeds the maximum period set forth by law for a particular offense without regard to the guidelines.” See also, State v. Callaway, 658 So.2d 983 (Fla.1995). Harris does not allege in his motion that his sentence exceeds the statutory maximum and, in fact, his 25-year sentence does not exceed the maximum sentence authorized by statute for persons convicted of a second degree felony (such as burglary of a structure) and sentenced as a habitual felony offender. See, § 775.084(4)(a), Fla.Stat. (1989). Accordingly, we find no basis here for granting relief under Rule 3.800(a) and the order denying post-conviction relief is affirmed.
AFFIRMED.
BOOTH, JOANOS and VAN NORTWICK, JJ., concur.