PER CURIAM.
Jose Carral appeals an order entered on his motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). We affirm in part and reverse in part.
Defendant Carral pled nolo contendere to multiple criminal charges in 1990. Subsequently he filed a motion to correct illegal sentence under rule 3.800(a), contending that certain of his sentences exceeded the legal maximum. The state conceded that the motion was well taken as to a number of the sentences, and the trial court granted relief on a number of the defendant’s claims. Relief was denied on certain of the defendant’s other claims, and this appeal follows.
After review of the record, it appears that in Count I of circuit court case number 90- *189 11990, the sentence is twenty-five years as a habitual felony offender, followed by ten years on probation. As this sentence exceeds the thirty year legal maximum on Count I, the sentence must be corrected to reflect twenty-five years followed by five years probation.
With respeet to circuit court ease number 90-12280, the order correcting sentence as to Count II, apparently through scrivener’s error, reimposed the original sentence. As to Count II, the sentencing order should provide for probation for a period of five years at the expiration of the incarceration period imposed for Count I.
As to circuit court case number 90-12284, we read the present sentencing order to provide for twenty-five years incarceration, followed by fifteen years probation. The sentencing order needs to be corrected.*
As to circuit court ease number 90-12285, the state concedes that the corrected sentencing order does not accurately reflect the trial court’s oral pronouncement. In accordance with the state’s concession, the order must be remanded for correction to conform to the oral pronouncement.
Defendant’s remaining claims are not cognizable in a rule 3.800(a) motion. See State v. Callaway, 658 So.2d 983, 988 (Fla.1995).
Affirmed in part, reversed in part and remanded for further proceedings consistent herewith.

 The state contends that the question of concurrent or consecutive sentences on the separate counts is not properly before us. We disagree. The plea colloquy in this case indicates that the plea agreement was for a thirty-year cap. Thus the twenty-five year period of incarceration on Count I can only be followed by a consecutive probationary period of five years as to Counts I and II.