PER CURIAM.
Appellant raises two issues from the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800. We affirm on the first issue without further *866 discussion. In the second issue, appellant argues that his consecutive habitual offender sentences are barred under Hale v. State, 630 So.2d 521 (Fla.1993), cert. denied, — U.S. —, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994). We reverse.
Appellant was convicted and adjudicated guilty of burglary of a structure (count one), grand theft (count two), resisting an officer without violence (count three), and carrying a concealed firearm (count four). The sentencing guidelines scoresheet provided for a recommended range of four and a half to five and a half years. The court found appellant to be a habitual offender and also exercised its authority to impose a departure sentence. On July 15, 1988, appellant was sentenced to ten years on each of the third degree felonies (counts one, two, and four). The sentences on counts two and four were ordered to run consecutive to the sentence on count one.[1]
The supreme court has ruled that a trial court is not authorized under the habitual felony offender statute to impose consecutive habitual felony offender sentencés for multiple offenses arising out of a single criminal episode. Hale v. State, 630 So.2d 521, 525 (Fla.1993), cert. denied, — U.S. —, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994). Subsequently, in State v. Callaway, 658 So.2d 983, 987-88 (Fla.1995), the court stated that any reliance in the belief that habitual offender sentences arising from a single criminal episode could be imposed consecutively could only have existed for the short time following 1988 statutory changes because pri- or to October 1, 1988, the habitual felony offender sentences were subject to the limitations of the sentencing guidelines. Id. at 987. We do not believe this language was intended, however, to limit relief to defendants sentenced after October 1,1988.
Under the 1987 statute, when a trial court, as in this case, found a valid reason for departure, it was no longer constrained by the guidelines sentencing range established by the scoresheet. See § 921.001(5), Fla. Stat. (1987), Fla. R.Crim. P. 3.701(d)(ll). Once operating outside the guidelines based on a valid departure, the court’s sentencing discretion was limited only by general law, i.e., the sentence imposed could not exceed the maximum sentence for the degree of the offense as established by statute. § 921.001(5), Fla. Stat. (1987). The court in the instant case both properly departed from the guidelines and found appellant to be a habitual offender. The court imposed enhanced sentences of ten years on each count under the habitual offender statute. See § 775.084(4)(a), Fla. Stat. (1987)(providing enhanced statutory maximum sentences). Two of the habitual offender sentences, however, were ordered to be served consecutive to the third. In the instant case, the decision in Hale—that multiple enhancements under the habitual offender statute are impermissible—would apply to appellant’s case if the consecutive habitual offender sentences indeed arise from the same criminal episode as appellant has alleged in his motion.
The supreme court held that a two-year window following the Hale decision was provided during which criminal defendants could challenge their sentences in postconviction motions filed pursuant to Florida Rule of Criminal Procedure 3.850. State v. Callaway, 658 So.2d 983, 987-88 (Fla.1995). In the instant case, although appellant filed his motion pursuant to rule 3.800, the motion contains sworn factual allegations and was timely filed as provided in Callaway. Accordingly, the cause is reversed and remanded to the trial court with instructions to treat the motion as if filed pursuant to rule 3.850. See Brown v. State 664 So.2d 311 (Fla. 1st DCA 1995). On remand, the court must determine whether appellant’s consecutive habitual offender sentences arose from a single criminal episode and are thus barred under Hale.
ERVIN, MINER and MICKLE, JJ., concur.

. Appellant alleges that all three sentences were consecutive, but the copy of the judgment and sentence attached to appellant’s motion indicates otherwise.