PER CURIAM.
Appellant alleges that his consecutive habitual offender sentences arose from a single criminal episode and that the trial court erred in denying relief. We reverse.
Appellant previously filed a motion pursuant to Fla. R.Crim. P. 3.800 asserting the above-stated claim. This court affirmed the trial court’s denial of relief but cited cases that make clear that denial of relief was without prejudice to appellant’s filing a timely motion pursuant to Fla. R.Crim. P. 3.850. Jackson v. State, 654 So.2d 1267 (Fla. 1st DCA 1995).
The supreme court ruled that a trial court is not authorized under the habitual offender statute to impose consecutive habitual offender sentences for multiple offenses arising out of a single criminal episode and opened a two-year window during which criminal defendants could challenge such sentences in a motion filed pursuant to Fla. R.Crim. P. 3.850. Hale v. State, 630 So.2d 521 (Fla.1993), cert. denied, — U.S. -, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994); State v. Callaway, 658 So.2d 983 (Fla.1995).
Accordingly, the trial court erred in denying appellant’s timely filed 3.850 motion as successive. The cause is remanded to the trial court to determine whether appellant’s consecutive habitual offender sentences arose from a single criminal episode.
MINER, WEBSTER and MICKLE, JJ., concur.