683 So.2d 599 (1996)
Gary Dean SIKES, Appellant,
v.
STATE of Florida, Appellee.
No. 96-02585.
District Court of Appeal of Florida, Second District.
November 15, 1996.
ALTENBERND, Judge.
Gary Dean Sikes appeals the denial of his motion for postconviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850, that requested a correction of consecutive habitual offender sentences. The trial court denied the motion as untimely. We affirm because the change of law in Hale v. State, 630 So.2d 521 (Fla.1993), was "announced" on October 14, 1993, more than two years before this motion was filed.
Mr. Sikes pleaded nolo contendere and was sentenced as a habitual offender on August 5, 1993, for burglary and grand theft. The trial court sentenced Mr. Sikes to a total of twenty years' imprisonment, fifteen years for burglary and five consecutive years for grand theft. We note that the trial court could have sentenced Mr. Sikes, as a habitual offender, to thirty years' imprisonment for the burglary because it is a second-degree felony. Mr. Sikes did not appeal his judgments and sentences.
About two months later, on October 14, 1993, the Supreme Court of Florida issued its decision in Hale, holding that multiple habitual offender sentences arising from a single criminal episode must be imposed concurrently. The supreme court denied rehearing in Hale on February 9, 1994. Thereafter, Mr. Hale petitioned for certiorari review in the United States Supreme Court. That *600 Court denied review on October 3, 1994, Hale v. Florida, ___ U.S. ___, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994), and denied rehearing on December 12, 1994, Hale v. Florida, ___ U.S. ___, 115 S.Ct. 686, 130 L.Ed.2d 617 (1994). The Supreme Court of Florida later held that there would be a two-year window period following Hale in which criminal defendants could challenge the imposition of consecutive habitual offender sentences for multiple offenses arising from a single episode. State v. Callaway, 658 So.2d 983 (Fla.1995).
Mr. Sikes waited until February 12, 1996, to mail his motion for postconviction relief to the trial court. That court denied the motion as untimely, and Mr. Sikes appealed. The issue, thus, is whether the two-year period announced in Callaway runs from the United States Supreme Court's denial of review or from some earlier date.
We agree with the Fifth District's statement in Gentry v. State, 659 So.2d 490 (Fla. 5th DCA 1995), that the two-year period began on October 14, 1993, when the Supreme Court of Florida issued its decision in Hale. Rule 3.850(b) does not explicitly state when a "fundamental constitutional right" is "established," or how long thereafter a prisoner has to seek relief. In Adams v. State, 543 So.2d 1244 (Fla.1989), the supreme court explained that a prisoner has two years from the time a fundamental change is "announced" in which to file for relief pursuant to rule 3.850. In Adams, the relevant change in the law was announced in Hitchcock v. Dugger, 481 U.S. 393, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987). The supreme court relied upon the date the United States Supreme Court issued its decision to begin the two-year period. There is no reason why a later date would be applicable in this case.
Mr. Sikes suggests that he should have a period equal to Mr. Hale's in which to file for relief on this change in the law. Because Mr. Hale received relief on this issue in his direct appeal, he had no need for postconviction relief on this issue. We recognize that, if Mr. Hale sought postconviction relief on another issue, his two-year period under rule 3.850 would have started on the date his judgment and sentence became "final," not on the date when a new rule of law was "announced." Mr. Hale's judgment and sentence were not final until the supreme court issued its mandate and remanded his case to the trial court. Thus, the trial court in Mr. Hale's case would not have had jurisdiction to entertain a postconviction motion on October 14, 1993, because his case was still pending in the supreme court. See State v. Meneses, 392 So.2d 905 (Fla.1981). The trial court in Mr. Sikes' case, however, had jurisdiction to review such a motion at all times beginning on October 14, 1993.
Affirmed.
FRANK, A.C.J., and PATTERSON, J., concur.