PER CURIAM.
Gregory E. Dixon appeals an order denying his motion for postconvietion relief under Florida Rule of Criminal Procedure 3.850. With regard to Point X of the motion, defendant Dixon seeks to set aside his consecutive thirty-year habitual offender sentences for attempted manslaughter with a firearm and aggravated battery with a firearm. We conclude that the motion is un *346 timely for this claim. In State v. Callaway, 658 So.2d 983 (Fla.1995), the Florida Supreme Court held that its decision in Hale v. State, 630 So.2d 521 (Fla.1993), cert. denied, — U.S. -, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994), is retroactive. 658 So.2d at 987. The Callaway court held that there would be “a two-year window following this Court’s decision in Hale ... for criminal defendants to challenge the imposition of consecutive habitual felony offender sentences for multiple offenses arising out of a single criminal episode.” 658 So.2d at 987. The Second District has held that the two-year period runs from the date of denial of rehearing in Hale, which was February 9, 1994. Lock v. State, 668 So.2d 1081, 1081 n. 1 (Fla. 2d DCA 1996). Defendant’s current 3.850 motion was filed outside of the two-year limit. Since the current motion is untimely, we need not consider the state’s other procedural and substantive arguments for af-firmance.
Finding no error in the trial court’s ruling on this point, or any of the other issues raised by defendant’s current 3.850 motion, the order denying Rule 3.850 relief is affirmed. . «