ALLEN, Judge.
The appellant challenges the order by which the trial court denied the appellant’s motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). Because the appellant’s overall sentence does not exceed the statutory maximum for his offenses, we affirm.
The appellant was sentenced to seventeen years incarceration for seven felony offenses committed in 1987. As part of the overall sentence, the trial court imposed five consecutive three-year minimum mandatory terms under section 775.087(2), Florida Statutes, for possession of a firearm during the commission of the offenses. Relying upon Palmer v. State, 438 So.2d 1 (Fla.1983), which prohibits the stacking of firearm minimum mandatories for multiple crimes which are part of a single criminal episode, the appellant alleged in his motion that the minimum *1342 mandatory portion of his sentence was excessive and illegal because the trial court had ruled in a pre-trial motion that all of the seven offenses were committed during a single criminal episode.
In light of the supreme court’s decisions in King v. State, 681 So.2d 1136 (Fla.1996); Davis v. State, 661 So.2d 1193 (Fla.1995); State v. Callaway, 658 So.2d 983 (Fla.1995), we affirm the trial court’s order because the appellant’s overall sentence is within the statutory maximum for his offenses. Nevertheless, we recognize that the appellant has stated a claim that would have been cognizable under rule 3.800(a) prior to those decisions because the motion contains allegations that the impropriety of the consecutive minimum mandatory sentences is apparent from an examination of the face of the trial court record. Recognizing that the fifteen-year minimum mandatory portion of the appellant’s sentence will cause the appellant to serve much more time in prison than he would have served had the minimum mandatory portion of his sentence been for a term of three years, we acknowledge some doubt that the supreme court intended by its decisions in King, Davis and Callaway to preclude 3.800(a) claims of this sort. Because we consider the issue to be one of great public importance, we certify the following question to the supreme court:
WHERE THE TRIAL COURT RECORD REVEALS THAT THE MINIMUM MANDATORY PORTION OF A SENTENCE IS EXCESSIVE UNDER PALMER V. STATE, MAY THE ERROR BE CORRECTED UNDER RULE 3.800(A) EVEN THOUGH THE OVERALL SENTENCE IS WITHIN THE STATUTORY MAXIMUM FOR THE OFFENSES?
The order under review is affirmed.
MINER and MICKLE, JJ., concur.