697 So.2d 966 (1997)
Gregory E. DIXON, Appellant,
v.
The STATE of Florida, Appellee.
No. 96-2721.
District Court of Appeal of Florida, Third District.
August 6, 1997.
Bennett H. Brummer, Public Defender, and Bruce A. Rosenthal, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Roberta G. Mandel, Assistant Attorney General, for appellee.
Before JORGENSON, COPE and FLETCHER, JJ.

On Motion for Rehearing
COPE, Judge.
On consideration of the motion for rehearing, we amplify our opinion and certify a question to the Florida Supreme Court.
Defendant was given consecutive habitual offender sentences in 1991 and his conviction *967 was affirmed in 1992. Dixon v. State, 605 So.2d 179 (Fla. 3d DCA 1992). After the decision in Hale v. State, 630 So.2d 521 (Fla. 1993), cert. denied, 513 U.S. 909, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994), defendant filed a motion for postconviction relief under Rule 3.850, contending that he was entitled to have his consecutive habitual offender sentences modified to be concurrent. The Rule 3.850 motion was denied and the denial was affirmed on appeal. Dixon v. State, 652 So.2d 827 (Fla. 3d DCA 1995).
On July 20, 1995, the Florida Supreme Court announced State v. Callaway, 658 So.2d 983 (Fla.1995), which held that Hale would be applied retroactively. 658 So.2d at 987. Callaway provided that relief must be sought under Rule 3.850, and that the two-year period for seeking such relief would run from the decision in Hale. 658 So.2d at 987-88. Counting the time from the denial of rehearing in Hale on February 9, 1994, the two-year period ran until February 9, 1996. See Lock v. State, 668 So.2d 1081, 1081 n. 1 (Fla. 2d DCA 1996).
Defendant filed his post-Callaway Rule 3.850 motion on August 11, 1996. The motion was therefore untimely because it was filed more than two years from the Hale decision  although it was within two years after the date of Callaway.
Defendant is thus in the position of having raised the Hale issue both too early and too late. His initial Rule 3.850 motion raised the Hale issue, but did so at a time when Hale had not been held to be retroactive. The 3.850 motion was denied without opinion, and the most reasonable explanation for that denial is the assumption that Hale would not be retroactive.
Thereafter, Callaway held that Hale would be applied retroactively. However, since the two-year time interval was established to run from the date of the Hale decision, rather than Callaway, this left only a six and onehalf-month interval after Callaway for the filing of Rule 3.850 motions. Defendant's August 1996 motion therefore came too late.
The Callaway decision itself stated that the purpose of allowing retroactive treatment was to allow correction of sentences for those "sentenced during the six-year window between the amendment of section 775.084 and the decision in Hale ...." 658 So.2d at 987. Callaway's calculation of the window may be frustrating the intent, owing to the short window period following the announcement of Callaway.
Because Callaway is clear, we adhere to our previous ruling denying defendant's Rule 3.850 motion. We certify the following question of great public importance:
WHETHER APPELLANT'S RULE 3.850 MOTION SEEKING RETROACTIVE BENEFIT OF HALE V. STATE, 630 So.2d 521 (Fla.1993), SHOULD BE DEEMED TIMELY FILED WHERE: (1) APPELLANT SOUGHT HALE RELIEF PRIOR TO THE ANNOUNCEMENT OF CALLAWAY, AND RELIEF WAS DENIED; AND (2) APPELLANT FILED ANOTHER MOTION FOR POSTCONVICTION RELIEF, BASED ON HALE, WITHIN TWO YEARS AFTER CALLAWAY WAS ANNOUNCED.
Because under Callaway the 3.850 motion is time-barred, we do not reach the merits of the parties' respective positions.
Rehearing denied; question certified.[1],[2]
NOTES
[1] The State argues that the pre-Callaway denial of defendant's Rule 3.850 motion bars defendant from again raising the claim. We do not think that such a bar can reasonably be applied where, as here, the most likely explanation for the denial was the belief that Hale was not retroactive and where, subsequent to the denial of 3.850 relief, the Florida Supreme Court announced in Callaway that the Hale decision would be made retroactive. See State v. Owen, 696 So.2d 715 (Fla. 1997).
[2] Defense counsel advised this court that, while the state of the trial court record is unclear, defendant may have another postconviction Hale-based motion which would be timely under Callaway and has not yet been finally ruled upon. The present opinion is without prejudice to such rights as the defendant may have with respect to any other postconviction motion.