703 So.2d 498 (1997)
Griffin DUKES, Appellant,
v.
STATE of Florida, Appellee.
No. 97-0767.
District Court of Appeal of Florida, First District.
December 18, 1997.
*499 Appellant, pro se.
Robert Butterworth, Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant, Griffin Dukes (Dukes) challenges an order by which his postconviction motion, raising a Hale[1] claim, and filed pursuant to Florida Rule of Criminal Procedure 3.850, was denied as untimely. We affirm and certify to the supreme court, questions of great public importance.
The supreme court held in State v. Callaway, 658 So.2d 983 (Fla.1995), that Hale would be applied retroactively and that relief must be sought within two years of the decision in Hale. Dukes filed his motion on September 30, 1996, approximately two years and eleven months after the Hale decision was announced by the Florida Supreme Court. He argued the two years should run from the date the United States Supreme Court denied rehearing of its denial of certiorari review, and therefore his motion was timely.
The supreme court has made it clear that "when a ruling is prospective only, the ruling does not take effect until the time for rehearing has run". Henderson v. State, 698 So.2d 1205 (Fla. 1997) (emphasis added). However, when a ruling is held to apply retroactively to allow for postconviction relief, we find no authority for Dukes' reasoning. We adopt the reasoning by the Second and Fifth Districts in Sikes v. State, 683 So.2d 599 (Fla. 2d DCA 1996), and Gentry v. State, 659 So.2d 490 (Fla. 5th DCA 1995), that the two years for filing a Hale claim by 3.850 motion, commenced on October 14, 1993, the date the Hale opinion was issued. We recognize, that the Third District has held in Dixon v. State, 697 So.2d 966 (Fla. 3d DCA 1997),[2] that the two years runs from the date the Florida Supreme Court denied rehearing. Although Dukes' motion would still be untimely under either of these dates, and we find no authority for using the date Dukes advocates, we certify the following question:
I. WHEN DOES THE TWO YEAR PERIOD COMMENCE, FOR FILING A 3.850 CLAIM UNDER HALE, WHICH HAS BEEN HELD IN CALLAWAY, TO APPLY RETROACTIVELY FOR PURPOSES OF RELIEF BY 3.850 MOTION?
Dukes argued in the alternative, that the two years for filing a Hale claim commenced on the date the Callaway decision was issued, because it was not until this date that it was announced that Hale would be applied retroactively. Since it is clear that Callaway provides the two years runs from the Hale decision, we reject this argument. Nevertheless, because there was less than three months following Callaway within which to file a timely Hale claim, we certify the following second question:
II. SHOULD A 3.850 MOTION SEEKING THE RETROACTIVE BENEFIT OF HALE, FILED MORE THAN TWO YEARS AFTER HALE, BUT WITHIN TWO YEARS OF THE DECISION IN CALLAWAY, BE DEEMED TIMELY?
Dukes further argued, that his motion could be treated as a 3.800(a) motion, but failed to allege any of his sentences are illegal. The record shows that each of his sentences do not exceed the statutory maximum, *500 and therefore, based upon our decision in Richardson v. State, 698 So.2d 551 (Fla. 1st DCA 1997) (criminal division en banc), we affirm the trial court's denial of Dukes' motion under 3.800(a). As in Richardson, we certify the following third question to the supreme court:
III. ARE CONSECUTIVE HABITUAL FELONY OFFENDER SENTENCES FOR MULTIPLE OFFENSES ARISING FROM A SINGLE CRIMINAL EPISODE, PROSCRIBED BY HALE V. STATE, 630 So.2d 521 (Fla.1993), ILLEGAL WITHIN THE MEANING OF RULE 3.800(a), WHEN NO SINGLE SENTENCE EXCEEDS THE STATUTORY MAXIMUM PROVIDED BY LAW?
AFFIRMED.
BARFIELD, C.J., JOANOS, J., and SMITH, Senior Judge, concur.
NOTES
[1] Hale v. State, 630 So.2d 521 (Fla.1993) (proscribing consecutive habitual offender sentences for offenses arising from the same criminal episode), cert. denied, 513 U.S. 909, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994).
[2] Relying on dicta in a footnote from a Second District Court opinion. Lock v. State, 668 So.2d 1081, n. 1 (Fla. 2d DCA 1996), although inconsistent with the Second District's holding in Sikes, supra.