713 So.2d 1066 (1998)
Keith A. SHEPHERD, Appellant,
v.
STATE of Florida, Appellee.
No. 98-01647.
District Court of Appeal of Florida, Second District.
July 10, 1998.
*1067 PER CURIAM.
Keith Shepherd challenges the trial court's denial of his postconviction attack filed pursuant to Florida Rule of Criminal Procedure 3.850 on his convictions and sentences. Of the numerous claims he advances, only one assertion concerning his sentencing has merit, and upon that we reverse.
Shepherd was convicted of first-degree murder and other felonies and on these lesser charges he received consecutive prison terms of various lengths as a habitual felony offender. In his motion, Shepherd claimed that he was entitled to have these sentences structured to run concurrently under the dictates of Hale v. State, 630 So.2d 521 (Fla. 1993), arguing that all these convictions grew out of a single criminal episode. The trial court denied this claim, asserting that the issue was not raised timely as the window approved by the supreme court in State v. Callaway, 658 So.2d 983 (Fla.1995) (Callaway I), for raising Hale claims had closed prior to the filing of Shepherd's postconviction motion.
Callaway provided retroactive application of the Hale doctrine, and in so doing approved the mechanism advanced by this court in Callaway v. State, 642 So.2d 636 (Fla. 2d DCA 1994) (Callaway II), which allowsfor those who are otherwise timebarred under Florida Rule of Criminal Procedure 3.850 from pursuing a remedya two-year window from the announcement of Hale by the supreme court to move for postconviction relief. Thus, applicants for Hale relief, who were otherwise time-barred, had a deadline of October 14, 1995, to file a rule 3.850 motion. See Sikes v. State, 683 So.2d 599 (Fla. 2d DCA 1996); see also Dukes v. State, 703 So.2d 498 (Fla. 1st DCA 1997). The trial court, pointing out Shepherd's rule 3.850 filing date of September 17, 1997, declared his claim untimely, and pointed out that he could have raised the matter on plenary appeal.
Shepherd appealed his conviction and sentence to this court, which affirmed in part and reversed in part, and the mandate issued September 22, 1995. His postconviction motion was timely filed. See Fla. R.Crim. P. 3.850(b). The treatments by this court and the supreme court of Callaway's claims focused on the retroactive provision of relief to those time-barred from pursuit of a postconviction motion under rule 3.850. The supreme court rejected the notion that a sentence violative of Hale is "illegal" and hence subject to correction at any time pursuant to Florida Rule of Criminal Procedure 3.800(a). See Callaway I, 658 So.2d at 988. There, the supreme court determined that an evidentiary question arose from the application of Hale, rendering it unsuitable for relief under rule 3.800(a). Rule 3.850, the only vehicle authorized in Callaway I for attacking sentences contravening Hale, may be utilized to assail such sentences irrespective of the retroactivity issues. See, e.g., Laventure v. State, 695 So.2d 859 (Fla. 2d DCA 1997).
The trial court's denial of this claim imposes upon Shepherd a window approved by the supreme court to save those who procedurally had no other means of pursuing relief from a sentencing scheme which had been deemed unconstitutional. That window does not apply to Shepherd's claim, and his timely rule 3.850 motion presents a facially sufficient claim for relief. On remand, the trial court *1068 may again deny this portion of his motion by attaching portions of the record which refute the allegation. Absent that, the court must conduct an evidentiary hearing or enter an order providing Shepherd the relief he has sought on this one sentencing claim.
Affirmed in part, reversed in part, and remanded.
THREADGILL, A.C.J., and FULMER and CASANUEVA, JJ., concur.