W. SHARP, Judge.
Reeves petitions for a writ of habeas corpus. He seeks a belated appeal of the trial court’s order which denied his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). It appears the motion was filed on March 9, 1998 and the order denying it was rendered April 15, 1998. The 30-day time in which to file his appeal has long expired.
Reeves claims that he did not receive a copy of the order until August 3, 1998. The state concedes it is unable to dispute Reeves’ claim as a factual matter. Accordingly, we grant his petition for a belated appeal, and consider his motion on the merits.
We find no merit to Reeves’ appeal of the summary denial. Reeves argues that he is entitled to an additional 31 days of jail credit based on factual matters which cannot be resolved without an evidentiary hearing. Reeves did not proffer any evidence in the record to show an error in the calculation of jail credit. See State v. Mancino, 714 So.2d 429 (Fla.1998). This issue should have been raised either at sentencing, by a motion filed pursuant to Florida Rule of Criminal Procedure 3.800(b) within 30 days of sentencing, or by a sworn motion filed pursuant to Florida Rule of Criminal Procedure 3.850. Accordingly, we affirm the trial court’s order denying Reeves’ motion filed pursuant to rule 3.800(a).
Belated Appeal GRANTED; AFFIRMED.
DAUKSCH and ANTOON, JJ., concur.