PER CURIAM.
Clinton Ross appeals an order denying his Florida Rule of Criminal Procedure 3.850 motion challenging the consecutive imposition of habitual offender sentences, which Ross alleges arose out of the same criminal episode. We reverse.
According to Ross’s sworn allegations, Ross filed a rule 3.850 motion in February 1997. The trial court denied this claim as untimely because Ross had filed it outside of the two-year filing window announced in State v. Callaway, 658 So.2d 983, 987 (Fla.1995), which held that claims pursuant to Hale v. State, 630 So.2d 521 (Fla.1993), must be filed within two years of the Hale decision. This court affirmed the trial court’s order. See Ross v. State, 699 So.2d 1379 (Fla. 1st DCA 1997). In 1999, the supreme court announced in Dixon v. State, 730 So.2d 265 (Fla.1999), that the two-year filing window for Hale claims would begin to run with the date of the Callaway mandate, which issued on August 16, 1995. The supreme court noted that to receive the benefit of the Dixon decision, defendants must have already filed their rule 3.850 motions within two *418 years of the Callaway mandate. Ross filed the instant rule 3.850 motion in February 1999, claiming that because he had filed his first rule 3.850 motion in February 1997, his motion was preserved under Dixon. The trial court denied the motion as successive and untimely.
The State concedes that if, as Ross alleges in his current motion, he filed his original motion in February 1997, his argument has been preserved under Dixon. The state also concedes that the record does not conclusively refute Ross’s claim. If Ross filed the original rule 3.850 in February 1997, in accordance with Dixon, it is to be considered timely filed.
Accordingly, we reverse the order and remand for the lower court to attach portions of the record conclusively refuting the allegations, to conduct an evidentiary hearing, or to enter an order directing the sentences to run concurrently. See Bennett v. State, 24 Fla. L. Weekly D692 (Fla. 1st DCA Mar.10, 1999).
WOLF, DAVIS and BROWNING, JJ., concur.