PER CURIAM.
Charles Carlos Wilson appeals the summary denial of his four motions for correction of sentence, filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Wilson asserts in all four motions that the trial court failed to award him the proper amount of jail credit in trial court case number CRC 98-05363CFANO. He claims that this failure was due to an error in the jail records, which he asserts erroneously show that he was arrested on March 31, 1998, instead of on January 16, 1998.
The trial court summarily denied Wilson’s motions on the ground that they were successive of a prior rule 3.800 motion. The trial court’s order attaches the order denying Wilson’s prior motion. The prior order reveals that the trial court merely compared the jail records, which showed the number of days Wilson spent in jail, with the amount of jail time awarded to Wilson on his sentence, and concluded that the two figures matched. It never addressed Wilson’s claim that the jail records were wrong. We accordingly conclude that Wilson’s current claim is not barred under the successiveness doctrine. Cf. Price v. State, 692 So.2d 971 (Fla. 2d DCA 1997) (holding defendant is not entitled to successive review under rule 3.800 of “a specific issue” which has already been decided against him).
We nevertheless affirm the trial court’s summary denial of Wilson’s rule 3.800 motion because his claim is based on factual matters which may require an evi-dentiary hearing to be resolved. See State v. Mancino, 714 So.2d 429, 432 (Fla. 1998) (noting that “rule 3.800(a) motions should ‘be limited to those sentencing issues that can be resolved as a matter of law without an evidentiary determination’ ”) (quoting State v. Callaway, 658 So.2d 983, 988 (Fla.1995)); Reeves v. State, 719 So.2d 1257 (Fla. 5th DCA 1998) (affirming summary denial of rule 3.800 motion seeking additional jail credit which was based on factual matters that could not be resolved without an evidentiary hearing). Our affirmance is without prejudice to Wilson’s ability to raise his jail credit claim in a timely and properly sworn motion filed pursuant to Florida Rule of Criminal Procedure 3.850.
Affirmed.
CAMPBELL, A.C.J., and ALTENBERND and SALCINES, JJ., Concur.