WOLF, J.
Turner appeals from an order denying his Florida Rule of Criminal Procedure 3.850 motion challenging the imposition of consecutive habitual offender sentences arising out of a single criminal episode.[1] We find that the record does not conclusively refute the claim and reverse.
Appellant asserts that he received consecutive habitual offender sentences. He alleges facts which on their face demonstrate that the offenses for which he was convicted and sentenced arose out of the same criminal episode. These allegations are sufficient to demonstrate a preliminary entitlement to relief pursuant to Hale v. State, 630 So.2d 521 (Fla.1993). The reasons given by the trial court for denial of the motion do not demonstrate that appellant is not entitled to relief.
The order is reversed, and we remand for the lower court to attach portions of the record conclusively refuting the allegations, to conduct an evidentiary hearing, or to enter an order directing the sentences to run concurrently. See Ross v. State, 742 So.2d 417 (Fla. 1st DCA 1999).
ALLEN and VAN NORTWICK, JJ., concur.

. We find that appellant in the instant case is essentially in the same procedural posture as the appellant in Ross v. State, 742 So.2d 417 (Fla. 1st DCA 1999), and therefore, as in Ross, we find that appellant may properly raise his claim pursuant to Hale v. State, 630 So.2d 521 (Fla.1993), in the instant motion for post-conviction relief.