PER CURIAM.
Solomon Stevens appeals the summary denial of his Rule 3.850 motion, Florida Rules of Criminal Procedure. Appellant claims that his previous Rule 3.850 motion alleging that he improperly received consecutive habitual offender sentences for offenses which arose out of a single criminal episode was not considered on the merits. See Hale v. State, 630 So.2d 521 (Fla.1993). Instead, the motion was denied because it was time barred.
Originally, the Florida Supreme Court held that a Hale claim had to be raised within two years of that decision. See State v. Callaway, 658 So.2d 983 (Fla.1995). But, later it redefined the two year period as commencing upon the issuance of the Callaway mandate. See Dixon v. State, 730 So.2d 265 (Fla.1999).
The mandate in Callaway was issued August 16, 1995, and appellant claims that he raised the “single criminal episode” issue on April 25, 1996 well within the two year Callaway mandate. If appellant’s previous attempt to raise the issue was rejected as time barred, Dixon indicates that the claim is preserved and that a renewed 3.850 motion is considered timely.
In this instant appeal, the trial court again denied appellant’s 3.850 motion as being time barred and did not consider the merits. Therefore, we vacate the denial and remand only on the issue of whether appellant improperly received consecutive habitual offender sentences for offenses which were committed during the same criminal episode in violation of Hale.
ORDER VACATED IN PART; REMANDED.
COBB, W. SHARP, and PETERSON, JJ., concur.