916 So.2d 24 (2005)
Roscoe THOMAS, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-1788.
District Court of Appeal of Florida, Second District.
November 9, 2005.
Rehearing Denied December 21, 2005.
*25 DAVIS, Judge.
Roscoe Thomas, Jr., appeals the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Thomas' motion raised numerous grounds for relief; some of which the trial court failed to address. Nevertheless, because those claims are facially insufficient we affirm without comment as to all but Thomas' claim that the imposition of consecutive minimum mandatory sentences resulted in an illegal sentence. If Thomas' offenses occurred during a single criminal episode, he may have a valid claim based on Hale v. State, 630 So.2d 521 (Fla.1993), which disapproved stacking habitual offender terms, and Daniels v. State, 595 So.2d 952 (Fla. 1992), which disapproved stacking habitual offender minimum mandatory terms. See Murray v. State, 890 So.2d 451, 453 (Fla. 2d DCA 2004). Because Thomas does not allege whether his offenses occurred in a single criminal episode and that his claim can be determined from the face of the record it is facially insufficient. See Harris v. State, 845 So.2d 250 (Fla. 2d DCA 2003). Accordingly, we affirm without prejudice to any right Thomas might have to file a facially sufficient claim under rule 3.800(a).
Affirmed.
KELLY, and LaROSE, JJ., Concur.