932 So.2d 335 (2006)
Keith Allen SHEPHERD, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-2848.
District Court of Appeal of Florida, Second District.
February 10, 2006.
*336 STRINGER, Judge.
Keith Allen Shepherd appeals the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a), the supplements to his rule 3.800(a) motion, and his motion for rehearing. We affirm the summary denial of all of Shepherd's claims. As to three of Shepherd's claims, our affirmance is without prejudice to Shepherd's refiling these claims in a facially sufficient motion to correct illegal sentence filed pursuant to rule 3.800(a).
In 1994, Shepherd was originally convicted, after a jury trial, of first-degree murder (count one), robbery (count two), grand theft of a motor vehicle (count four), arson (count five), grand theft (count six), and dealing in stolen property (count seven). On direct appeal, the conviction for grand theft was vacated. Shepherd v. State, 659 So.2d 399 (Fla. 2d DCA 1995). Pursuant to a series of motions for postconviction relief, Shepherd was ultimately resentenced as a habitual felony offender (HFO), on November 20, 1998, for counts one, two, four, five, and seven. It appears from the portions of the record currently before this court that the sentences on counts five and seven were to run consecutive to the sentence on count one.
Shepherd originally filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. He then filed an amended motion alleging that his consecutive HFO sentences for counts five and seven were illegal because he was given a guidelines sentence as to count one and the HFO sentences running consecutive to count one would prevent him from preserving his entitlement to controlled release. This court affirmed the summary denial of Shepherd's original rule 3.850 motion but reversed for the newly added claim to be considered as a rule 3.800(a) claim. Shepherd v. State, 890 So.2d 333 (Fla. 2d DCA 2004).
On remand, in considering the newly added claim under rule 3.800(a), the postconviction court failed to consider whether Shepherd's claim was, in fact, facially sufficient. The postconviction court addressed the merits of Shepherd's claim, concluding that Shepherd was sentenced as an HFO for count one, thereby allowing the court to properly run his sentences for counts five and seven consecutive to count one. The postconviction court relied on section 775.021(4)(a), Florida Statutes, to conclude that it was permissible to sentence a defendant to consecutive sentences for separate crimes which occur as part of the same criminal episode.
*337 In his motion for rehearing, Shepherd correctly pointed out that if he was actually sentenced as an HFO for count one, then he was incorrectly habitualized for an offense that was a capital felony. See Parrimon v. State, 644 So.2d 95 (Fla. 2d DCA 1994). Shepherd additionally claimed that section 775.021(4)(a) cannot be used to impose consecutive HFO sentences for offenses that occurred as part of the same criminal episode. See Murray v. State, 890 So.2d 451 (Fla. 2d DCA 2004). Furthermore, Shepherd claimed that if he did not receive an HFO sentence as to count one, then he could not properly be sentenced as an HFO for counts five and seven when those sentences will run consecutively to his non-HFO sentence in count one. See Marion v. State, 850 So.2d 618 (Fla. 2d DCA 2003).
There is not enough in the record before this court to determine whether Shepherd's convictions were all part of the same criminal episode. Furthermore, as Shepherd has not alleged, nor did the trial court address, whether his claims could be determined from the face of the record, we have no way of knowing whether Shepherd might be entitled to possible relief pursuant to rule 3.800(a) as to any of the three above-mentioned claims. Accordingly, our affirmance is without prejudice to Shepherd's raising these three claims in a facially sufficient rule 3.800(a) motion to correct illegal sentence. See Thomas v. State, 916 So.2d 24 (Fla. 2d DCA 2005). Any such motion filed by Shepherd shall not be considered successive.
Affirmed.
SILBERMAN and CANADY, JJ., Concur.