998 So.2d 1164 (2008)
Keith A. SHEPHERD, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-6054.
District Court of Appeal of Florida, Second District.
December 12, 2008.
Rehearing Denied January 29, 2009.
ALTENBERND, Judge.
This is at least the tenth appellate proceeding arising from Keith A. Shepherd's convictions in circuit court case No. 93-5514. Mr. Shepherd was charged in 1993 with first-degree murder, robbery, kidnapping, grand theft of an automobile, arson of the same automobile, grand theft, and *1165 dealing in stolen property. The indictment was based on an allegation that he murdered the victim on April 17 or 18, 1993. After the murder, Mr. Shepherd stole the victim's car and drove it to a parking lot. Once at the parking lot, he apparently removed some golf clubs from the car and then set the vehicle on fire. Nine days later, he pawned the golf clubs.
Mr. Shepherd proceeded to a trial by jury and was found guilty as charged. The trial court, however, entered a judgment of acquittal on the charge of kidnapping. On direct appeal, we affirmed the judgments and sentences except for the judgment and sentence for grand theft, which was impermissible since it involved the same property that had been pawned. Shepherd v. State, 659 So.2d 399 (Fla. 2d DCA 1995).
The trial court originally imposed a life sentence with the possibility of parole after twenty-five years for the murder because it was a capital felony. This sentence was followed by five consecutive terms of imprisonment as a habitual offender. One of those consecutive terms was eliminated as a result of the outcome in the direct appeal. As to the others, Mr. Shepherd filed various postconviction motions claiming that the offenses arose out of a single occurrence and could not result in consecutive sentences. In 1998, we reversed the trial court as to this issue and remanded the case for a determination of whether the offenses other than the capital offense could result in consecutive habitual offender sentences. Shepherd v. State, 713 So.2d 1066 (Fla. 2d DCA 1998).
On remand from that appeal, the trial court determined that the murder, robbery, and grand theft of the automobile should be treated as a single occurrence, but that the arson and dealing in stolen property occurred at different locations at subsequent times and were therefore separate events. Thus, on November 20, 1998, the trial court entered an amended set of sentences in accordance with these determinations. In this set of sentences, the life sentence for murder was imposed as a habitual offender sentence.
In two more written opinions, this court expressed concern with Mr. Shepherd's sentences. Shepherd v. State, 932 So.2d 335 (Fla. 2d DCA 2006); Shepherd v. State, 890 So.2d 333 (Fla. 2d DCA 2004). In our opinion in 2006, we expressly explained that the sentence for first-degree murder entered in 1998 could not be treated as a habitual offender sentence. We affirmed, but gave Mr. Shepherd the right to try again in the trial court.
He filed another postconviction motion. The trial court entered an order denying that motion, which is the order we review in this appeal. The order does not remove the erroneous habitual offender designation from the 1998 sentence on the capital offense. It may be that the trial court was examining the sentences originally entered in this case rather than the sentence entered in 1998.
We ordered a response from the State, allowing it to supplement the record if needed. The Assistant Attorney General filed a thorough, well-researched response that has been most helpful to this court. We now conclude that the sentences entered in 1998 for the five offenses remaining from the original seven-count indictment are legal and proper except for the habitual offender reference on count I, the capital offense.
Accordingly, we remand with directions to strike the reference to habitual offender status from the 1998 amended sentence for first-degree murder. We further order the trial court to send a copy of that sentence to the Department of Corrections so that it may have accurate knowledge of *1166 both Mr. Shepherd's convictions and sentences for these 1993 offenses.
Affirmed in part, reversed in part, and remanded with instructions.
WHATLEY and VILLANTI, JJ., Concur.