PER CURIAM.
By habeas petition, Jerome Anthony Cooper (a/k/a Anthony Jerome Cooper, Inmate No. 065615), alleges that his sentence *980 in Duval County Case No. 88-2488CF is illegal under Hale v. State, 630 So.2d 521 (Fla.1993). This exact same claim has been previously rejected on the merits and, thus, the current petition is barred by res judicata and the holding in Baker v. State, 878 So.2d 1236 (Fla.2004).
Cooper is serving a combined 30-year sentence on his 1988 case. This sentence is consecutive to the life sentence he received in Duval County Case No. 78-349CF. The offenses in the 1988 case were committed after Cooper escaped from prison while serving his sentence on the 1978 case.
This court affirmed the judgment and sentence in the 1988 case in Cooper v. State, 544 So.2d 202 (Fla. 1st DCA 1989) (table). Since then, Cooper has filed 13 appeals or petitions with this court related to his 1988 case. See 1st DCA Case Nos. 89-2847, 91-425, 92-740, 95-2047, 95-2135, 97-1012, 98-1103, 00-3571, 03-765, 04-741, 07-713, 07-3192, and 12-1660. He has filed at least an additional 13 cases related to his 1978 case. See, e.g., 1st DCA Case Nos. BI-39, BL-17, 89-1165, 89-1559, 90-847, 95-3645, 97-1208, 00-2212, 03-1533, 03-2937, 04-2226, 08-6217, and 10-2701.
In Cooper v. State, 678 So.2d 865 (Fla. 1st DCA 1996), this court reversed the denial of Cooper’s rule 3.800 motion raising a Hale claim and remanded for the court to consider the motion under rule 3.850. On remand, the trial court summarily denied the motion, but this court reversed and remanded because the trial court failed to attach record excerpts. Cooper v. State, 700 So.2d 734 (Fla. 1st DCA 1997). On remand, the trial court again summarily denied the motion, and on appeal, this court affirmed. Cooper v. State, 763 So.2d 321 (Fla. 1st DCA 1998) (table). This court also affirmed the trial court’s order barring further pro se filings from Cooper. Cooper v. State, 845 So.2d 187 (Fla. 1st DCA 2003) (table).
 We find no merit in Cooper’s argument that, despite the prior rejection of his Hale claim on the merits, he should be granted habeas relief based on that claim in order to avoid a “manifest injustice.” Indeed, we find Cooper’s habeas petition to be frivolous, and pursuant to section 944.279, Florida Statutes, we direct the Clerk to forward a copy of this opinion to the Department of Corrections for disciplinary action. See Ibarra v. State, 45 So.3d 911 (Fla. 4th DCA 2010). Additionally, we caution Cooper that further frivolous filings related to his 1988 case — or his 1978 case — may result in the imposition of sanctions, including a prohibition on further pro se filings in this court. See State v. Spencer, 751 So.2d 47, 48 (Fla.1999) (“[A]ny citizen, including a citizen attacking his or her conviction, abuses the right to pro se access by filing repetitious and frivolous pleadings, thereby diminishing the ability of the courts to devote their finite resources to the consideration of legitimate claims.”); Fla. R.App. P. 9.410(a).
PETITION DENIED; CLERK DIRECTED TO FORWARD COPY OF OPINION TO DEPARTMENT OF CORRECTIONS.
DAVIS, WETHERELL, and ROWE, JJ., concur.