844 So.2d 703 (2003)
Thomas P. McCABE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-2608.
District Court of Appeal of Florida, Second District.
May 2, 2003.
*704 FULMER, Judge.
Thomas P. McCabe challenges the order of the trial court denying his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse the trial court's order and remand for further proceedings.
In his motion, McCabe alleged that he pleaded to trafficking in more than 28 but less than 200 grams of cocaine. He further alleged that the three-year mandatory minimum term of imprisonment imposed by the trial court pursuant to section 893.135(1)(b)(1)(a), Florida Statutes (1999), is illegal based on our opinion in Taylor v. State, 818 So.2d 544 (Fla. 2d DCA), review dismissed, 821 So.2d 302 (Fla.2002). A claim that a mandatory minimum sentence was illegally imposed is cognizable in a rule 3.800(a) motion where the error is apparent on the face of the record. See Sims v. State, 838 So.2d 658 (Fla. 2d DCA 2003); Leath v. State, 805 So.2d 956 (Fla. 2d DCA 2001).
Taylor held that chapter 99-188, Laws of Florida, which provided for the imposition of mandatory minimum prison sentences for certain drug offenses, is unconstitutional because it violates the single subject rule of the Florida Constitution. In denying the motion, the trial court found: "As of April 29, 2002, the Florida Legislature has cured the single subject rule violation by re-enacting the provisions originally contained in Chapter 99-188. The re-enactment was retroactive to July 1, 1999." However, in Green v. State, 839 So.2d 748 (Fla. 2d DCA 2003), this court has since held that the reenactment of the sentencing provisions of chapter 99-188 cannot be applied retroactively because this would violate the Ex Post Facto Clauses of the United States and Florida Constitutions.
McCabe alleged that he committed the offense of trafficking in cocaine in December 1999, which is within the Taylor window. See Green, 839 So.2d at 750 n. 1. Therefore, McCabe has presented a facially sufficient claim. See Sims, 838 So.2d 658.
*705 We reverse the order of the trial court and remand for further consideration of McCabe's claim. If McCabe is correct that the trial court imposed a mandatory minimum pursuant to section 893.135(1)(b)(1)(a) where the offense was committed within the Taylor window, the trial court shall resentence him under the 1997 version of that statute. See Green, 839 So.2d 748. We certify conflict with the Fourth and Fifth District cases with which we disagreed in Green.
Reversed and remanded with instructions.
WHATLEY and SALCINES, JJ., Concur.