852 So.2d 366 (2003)
Tracy McCANN, etc., Appellants,
v.
Randall J. WALKER, Appellee.
No. 5D02-3257.
District Court of Appeal of Florida, Fifth District.
August 15, 2003.
*367 Dougald B. Leitch, Mahaffey & Leitch, Oviedo, for Appellants.
Bert W. Barclay, Barnett & Barclay, P.A., Orlando, for Appellee.
PER CURIAM.
Tracy McCann, the former wife, appeals a summary judgment in favor of Randall J. Walker, the former husband, that compels her to return to Florida with the parties' minor children.
The parties agreed to the terms contained in a 1997 final judgment of dissolution of marriage in which the former wife was awarded primary residential responsibility for the parties' two minor children, but was required to reside within a twenty (20) mile radius of Clermont, Florida. The judgment also allowed the parties to obtain express written consent from the other or the court's approval to relocate.
In 1998, the parties agreed to modify the 1997 final judgment to provide for the relocation of the former wife and children. In addition to granting the former wife's petition to relocate, the modified judgment provided inter alia for a detailed visitation schedule for the former husband; modification when the children were removed from Florida or the state in which they were residing; and revision of visitation provisions if the relocating party returns to Florida.
The former wife remarried shortly after the dissolution of marriage and her new husband, a member of the National Guard, was called to active duty in Texas. The former wife and the children moved to Texas in 1998 as allowed by the modified judgment and thereafter resided in California, Oklahoma and Wyoming while her new husband was on active military duty. He completed his tour of active duty in 2001 and obtained a job in Cody, Wyoming, as an orthopedic physician's assistant, an occupation for which he trained while in the service.
When the former husband learned that the new husband's tour of duty was completed and the former wife notified him that the family would be residing in Wyoming, he petitioned the trial court for an order requiring the relocation of the children back to Florida. He alleged that there were substantial changes in circumstances since the modified order was entered including inter alia the new husband's discharge from active duty. The trial court granted the former husband's petition finding that the order modifying the original final judgment of dissolution was ambiguous and that it was necessary to review the former wife's original petition to relocate in order to resolve the ambiguity.
This court in BJ of Leesburg, Inc. v. Coffman, 642 So.2d 83, 84 (Fla. 5th DCA 1994), citing Boynton v. Canal Authority, 311 So.2d 412, 415 (Fla. 1st DCA 1975), held that "[i]f the language employed in a judgment is plain and unambiguous, there is no room for construction or interpretation and the language must be given its literal meaning." Only where the language is ambiguous, where more than one literal interpretation is reasonable, is construction and interpretation permissible. Boynton, 311 So.2d at 415. "In construing a judgment ... the adjudication should not extend beyond that which the language used fairly warrants, since the purpose and function of construction is to give effect to that which is already latent in the judgment, and the Court may not by construction add new provisions to a judgment which were omitted or withheld in the first instance." Id. "[T]he legal operation and effect of a judgment must be ascertained by construction and interpretation *368 of its terms, and this presents a question of law." Id. Questions of law are subject to de novo review. See, e.g., Rittman v. Allstate Ins. Co., 727 So.2d 391, 393 (Fla. 1st DCA 1999).
Our review of the 1998 modified final judgment does not support the trial court's finding that the language allowing relocation was ambiguous. There is also no support for the notion that the modification could reasonably be interpreted to have effect only while the former wife's new husband was on active military duty. To the contrary, review of the entire modified judgment supports the former wife's assertion that the language was unambiguous. We note the modified judgment includes: a visitation schedule for the former husband and children, provisions for sharing the cost of transportation associated with the visitation schedule, as well as a notification requirement for future moves by the former wife. We further note that the modified judgment specifically provides that "[t]he visitation provisions set forth herein shall be revised if the party who has relocated outside of the state of Florida returns to the state of Florida." (emphasis added).
Absent from the modified judgment are any restrictions placed on the former wife which would require her to return to Florida at some future point or at the occurrence of some event (such as her new husband's discharge from active military duty). In addition, there is no language in the modified judgment which would trigger the expiration of the modified judgment and cause the parties to revert to the mandates of the original final judgment. The modified judgment contemplates only that should a party, not necessarily the former wife, elect to later return to Florida, the contact schedule outlined in the modified judgment would be revisited by the trial court.
We disagree with the trial court's conclusion that an ambiguity exists in the modified judgment and that it was necessary to revisit pleadings leading to the same for the purpose of resolution. We also disagree with the conclusion that the effect of the modified judgment was only to temporarily lift the geographical restrictions set forth in the original final judgment. Finally, we have found nothing in the record that would authorize the reimposition of the original final judgment of dissolution of marriage.
Having found no ambiguity in the modified judgment, we vacate the Order Granting Petitioner/ Former Husband's Motion for Summary Judgment and Order Denying Respondent/ Former Wife's Motion for Summary Judgment and the Order Denying Respondent/ Former Wife's Counter-Petition to Modify Final Judgment of Dissolution of Marriage and Order Denying Respondent/ Former Wife's Request to Relocated Primary Residence of the Minor Children to Wyoming.
ORDER VACATED.
PETERSON, THOMPSON and TORPY, JJ., concur.