853 So.2d 1120 (2003)
Ana M. PENA, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-4080.
District Court of Appeal of Florida, Fifth District.
September 12, 2003.
Michael D. Dicembre, Orlando, for Appellant.
Charles J Crist, Jr., Attorney General, and Robin A. Compton, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
We affirm the denial of Appellant's rule 3.800(a) motion to correct illegal sentence. We base our decision on Hersey v. State, 831 So.2d 679 (Fla. 5th DCA 2002) (on grant of rehearing), and Carlson v. State, 27 Fla. L. Weekly D2162, ___ So.2d ___, 2002 WL 31202145 (Fla. 5th DCA Oct. 4, 2002). We certify conflict with Green v. State, 839 So.2d 748 (Fla. 2d DCA 2003).
AFFIRMED; CONFLICT CERTIFIED.
ORFINGER and MONACO, JJ., concur.
SAWAYA, C.J., concurs and concurs specially with opinion.
SAWAYA, C.J., concurring and concurring specially.
Although I concur in the majority's decision to affirm, I do so with the utmost reluctance and write to express my reservations and the reasons for my concurrence.
Ana M. Pena entered a plea to trafficking in excess of twenty-five pounds of marijuana in violation of section 893.135(1)(a)1., Florida Statutes. Pena is alleged to have committed this offense on November 12, 1999. As part of her sentence, Pena received a three-year minimum mandatory prison sentence. Pena subsequently filed a Motion To Correct Illegal Sentence pursuant to rule 3.800(a), Florida Rules of Criminal Procedure, wherein she alleged that the minimum mandatory sentence she received is illegal based on the decision in Taylor v. State, 818 So.2d 544 (Fla. 2d DCA 2002), review dismissed, 821 So.2d 302 (Fla.2002). The court in Taylor held that chapter 99-188, Laws of Florida, which included provisions that amended section 893.135(1)(a)1. to include the requirement for the minimum mandatory sentence for the offense Pena *1121 committed, was unconstitutional because it violated the single subject requirement of the Florida Constitution. In Hersey v. State, 831 So.2d 679 (Fla. 5th DCA 2002) (on grant of rehearing), this court agreed with the holding in Taylor that chapter 99-188 was unconstitutional because it violated the single subject rule of the Florida Constitution.
The State argued that the Legislature responded to Taylor and Hersey in 2002 by enacting chapters 02-208, 02-209, 02-210, 02-211, and 02-212, Laws of Florida, to reenact the provisions originally contained in chapter 99-188, but in such a way as not to run afoul of the single subject rule. Important to the instant case is chapter 02-212, Laws of Florida, which reenacted the provisions of 99-188 that purported to amend section 893.135(1)(a)1. to include the requirement for the minimum mandatory sentence. The State further argued that the Legislature expressly made the 2002 enactments retroactive to July 1, 1999, and that this court in Hersey specifically held that the reenactment legislation could be applied retroactively. Based on Hersey, the trial court denied Pena's motion.
In my view, chapter 02-212, Laws of Florida, should not be applied retroactively. I agree with the rationale of the court in Green v. State, 839 So.2d 748 (Fla. 2d DCA 2003), which held that retroactive application of the reenactment legislation, specifically chapter 212, Laws of Florida, constitutes an impermissible violation of the Ex Post Facto Clauses of the federal and Florida constitutions. However, Hersey and other decisions from this court, which I very respectfully suggest were wrongly decided, say that the reenactment legislation may be applied retroactively. See, e.g., Carlson v. State, 27 Fla. L. Weekly D2162, ___ So.2d ___, 2002 WL 31202145(Fla. 5th DCA Oct.4, 2002). But for the prior caselaw out of this court, I believe that Pena would be entitled to the relief she requests. Hence the reason for my reservations and my reluctant concurrence.
To say there is a lack of consistency in Florida law regarding whether chapter 99-188 was unconstitutional and whether the subsequent legislative reenactments may be applied retroactively is, perhaps, a gross understatement. As to the issue whether chapter 99-188 violates the single subject requirement, the First and Third District Courts say it does not. Watson v. State, 842 So.2d 275 (Fla. 1st DCA 2003); State v. Franklin, 836 So.2d 1112 (Fla. 3d DCA 2003). The Second and Fifth District Courts, on the other hand, say that it does. Hersey; Taylor. Moreover, among those courts that say it does, there is disagreement whether the reenactment legislation may be applied retroactively. The Second District Court says it may not. Green (holding that the reenactment of the sentencing provisions of chapter 99-188 cannot be applied retroactively because this would violate the Ex Post Facto Clauses of the United States and Florida Constitutions). This court says it may be retroactively applied. Carlson; Hersey. The Fourth District Court has followed this court. Nieves v. State, 833 So.2d 190 (Fla. 4th DCA 2002) (citing Hersey).
As I have indicated, if not for this court's decisions in Hersey, Carlson and their progeny, I would hold that Pena's sentence should be reversed and this case remanded for resentencing pursuant to section 893.135(1)(c)1., Florida Statutes (1997), which does not provide for imposition of a mandatory minimum prison sentence. In Hersey, this court held in accordance with the decision in Dobbert v. Florida, 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977), that "the enactment of chapter 02-210, Laws of Florida, cured *1122 chapter 99-188's constitutional infirmity" and "applie[d] retroactively." Hersey, 831 So.2d at 680. Subsequently, in Carlson, this court, on the authority of Hersey, affirmed a sentence for trafficking in cannabis that included a three-year mandatory minimum term that had been imposed in accordance with section 893.135(1)(a)1.[1] I will now explain the reasons why I believe that Hersey and Carlson were wrongly decided.
This court's rationale in Hersey for applying the decision in Dobbert to justify the retroactive application of chapter 02-210, Laws of Florida, was more fully explained in Carlson:
In Dobbert v. Florida, 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977), the United States Supreme Court held that the "operative fact" that a statute existed, even if such statute was subsequently determined to be unconstitutional, was sufficient to put appellant on notice of what the State intended to do under the circumstances. The fact that the State ultimately corrected the defect in the legislation to require exactly that which it had invalidly required earlier and then mandated a retroactive application of the amendment does not, according to Dobbert, violate the ex post facto provision of the United States Constitution.
Carlson, 27 Fla. L. Weekly at D2162-63.
The problem I have with the application of Dobbert to justify retroactive application of the reenacted legislation stems from the Florida Supreme Court's pronouncement in Heggs v. State, 759 So.2d 620, 630-31 (Fla.2000), that a single subject violation by the Legislature renders an enactment void. Like the court in Green, I have a very difficult time accepting the notion that the Dobbert "operative fact" rationale, which essentially provides that the very existence of an unconstitutional statute provides notice to the defendant of the penalties that the State would seek to impose upon conviction, applies to a void enactment such as chapter 99-188, Laws of Florida. Moreover, chapter 99-188 effected a substantive change in the law whereas in Dobbert, the court was concerned with retroactive application of a statute that effected a procedural change.[2] For these reasons, I agree with the rationale adopted by the court in Green that retroactive application of the legislative reenactments of the provisions of chapter 99-188, which include chapter 02-212, could not occur without violating the Ex Post Facto Clauses of the federal and Florida constitutions.
Both the United States Constitution and the Florida Constitution prohibit enactment of laws that increase the punishment for a criminal offense after the crime has been committed. See U.S. Const. art. I, § 10 ("No State shall ... pass any ... ex post facto Law...."); Art. I, § 10, Fla. Const. ("No ... ex post facto law ... shall be passed."). In my view, the inquiry here should be whether the sentence imposed on Pena via the retroactively-applied enactment increases the punishment for the crime she committed. Pena is charged with trafficking in cannabis in violation of section 893.135(1)(c)1. Pursuant to the retroactively-applied reenactment, Pena received *1123 a sentence that included a minimum mandatory prison sentence of three years that was not required under the prior version of the statute. Hence, Pena received a more severe punishment under the reenacted statute in violation of the Ex Post Facto Clauses of both the Florida and federal constitutions. Therefore, I believe that Pena's motion should have been granted. See Barber v. State, 849 So.2d 361, 362 (Fla. 2d DCA 2003) ("A claim that a mandatory minimum sentence was illegally imposed is cognizable in a rule 3.800(a) motion where the error is apparent on the face of the record."); McCabe v. State, 844 So.2d 703 (Fla. 2d DCA 2003); Sims v. State, 838 So.2d 658 (Fla. 2d DCA 2003); Leath v. State, 805 So.2d 956 (Fla. 2d DCA 2001).
Nevertheless, although I believe that Hersey and Carlson were wrongly decided and an ex post facto violation has occurred here, I must apply those decisions as binding precedent to the instant case. Therefore, I reluctantly vote to affirm.
NOTES
[1] Although the court in Carlson referenced chapter 02-210, it is clear that the proper reenactment provision at issue was chapter 02-212.
[2] Generally, a procedural change applied retroactively, such as a change in the roles of the court and jury in sentencing similar to that addressed in Dobbert, does not offend the Ex Post Facto Clause. See Weaver v. Graham, 450 U.S. 24, 32 n. 17, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981) (citing Dobbert); see also Lynce v. Mathis, 519 U.S. 433, 447 n. 17, 117 S.Ct. 891, 137 L.Ed.2d 63 (1997).