PER CURIAM.
Richard Williams challenges the order of the trial court denying his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse the trial court’s order and remand for further proceedings.
In his motion, Williams alleged that he pleaded to trafficking in fourteen grams or more but less than twenty-eight grams of methamphetamine. He further alleged that the three-year mandatory minimum term of imprisonment[1] imposed by the trial court pursuant to section 893.135(l)(f)(l)(a), Florida Statutes (1999), is illegal based on our opinion in Taylor v. State, 818 So.2d 544 (Fla. 2d DCA), review dismissed, 821 So.2d 302 (Fla.2002). This claim is cognizable in a rule 3.800(a) motion where the error is apparent on the face of the record. See McCabe v. State, 844 So.2d 703, 704 (Fla. 2d DCA 2003).
Taylor held that chapter 99-188, Laws of Florida, which provided for the imposition of mandatory minimum prison sentences for certain drug offenses, is unconstitutional because it violates the single subject rule of the Florida Constitution. The Florida Legislature cured the single subject rule violation by reenacting the provisions originally contained in chapter 99-188. See chs. 02-208-212, Laws of Fla. In doing so, the Florida Legislature provided for the retroactive application of each reenactment to July 1, 1999, which was the effective date of chapter 99-188.[2] However, this court in Green v. State, 839 So.2d 748 (Fla. 2d DCA 2003), held that the reenactment of the sentencing provisions of chapter 99-188 cannot be applied retroactively because this would violate the Ex Post Facto Clauses of the United States and Florida Constitutions. But see Clayton v. State, 842 So.2d 971 (Fla. 5th DCA 2003).
Williams alleged that he committed the offense of trafficking in methamphetamine in July 2000, which is within the Taylor window.[3] Pursuant to Green, if Williams committed the offense within the Taylor window, the trial court is required to re-sentence him under the 1997 version of section 893.135(l)(f)(l)(a). See McCabe, 844 So.2d at 705. However, the trial court denied Williams’ motion on the basis that this court’s opinion in Taylor has prospective application only.[4] Thus, under the trial court’s reasoning, a defendant is only entitled to postconviction relief pursuant to Taylor if he committed his offense in the *215 period from the date Taylor was issued until the date of the reenactment of the provisions of chapter 99-188 in chapters 02-208-212, which reenactment was effective April 29, 2002.[5] In support of its ruling, the trial court relied on State v. Callaway, 658 So.2d 983 (Fla.1995), and Witt v. State, 387 So.2d 922 (Fla.1980).
The Callaway court stated: “Under Witt, a new rule of law may not be retroactively applied unless it satisfies three requirements. The new rule must (1) originate in either the United States Supreme Court or the Florida Supreme Court; (2) be constitutional in nature; and (3) have fundamental significance.” Calla-way, 658 So.2d at 986 (citing Witt, 387 So.2d at 929-30). The trial court found that our decision in Taylor does not apply retroactively because “neither the United States Supreme Court nor the Florida Supreme Court has adopted this change of law.” The trial court’s reasoning is erroneous. The law draws a distinction between a void law and one that is merely voidable. See Green, 839 So.2d at 752. A statute that was legally enacted but is later determined by a court to be unconstitutional is voidable. “When the enactment of a law fails to comport with constitutional procedural mandates, the law is illegally enacted and is thus void ab initio, as opposed to being merely voidable.” Green, 839 So.2d at 752. A law enacted in violation of the single-subject rule is void, not voidable. Id. Thus, based on the holdings of Green and Taylor, chapter 99-188 was illegally enacted and void ab initio.
In Callaway and Witt, the supreme court outlines a methodology for determining when a judicial decision regarding the application or interpretation of a constitutionally enacted statute is to have retroactive effect. For example, the supreme court in Callaway concluded that its decision in Hale v. State, 630 So.2d 521 (Fla.1993), which held that consecutive habitual offender sentences for crimes arising from a single criminal episode were not authorized by statute, was to be applied retroactively. See also State v. Stevens, 714 So.2d 347 (Fla.1998) (concluding that State v. Iacovone, 660 So.2d 1371 (Fla.1995), which held that enhanced penalties for attempted second- and third-degree murder of a law enforcement officer were not authorized by statute, applies retroactively); Bass v. State, 530 So.2d 282 (Fla.1988) (concluding that Palmer v. State, 438 So.2d 1 (Fla.1983), which held that consecutive mandatory minimum sentences for use of firearms in crimes arising from a single criminal episode were not authorized by statute, applies retroactively).
Callaway and Witt have no application when an appellate court has determined that a statute was never legally enacted. If a statute is void ab initio, a defendant can never be legally sentenced pursuant to that statute. The statute can never be applied legally until it is legally enacted. Under the trial court’s reasoning, a defendant who was sentenced under a statute that was void ab initio must serve out that sentence if the sentence was final prior to a district court’s determination that the statute was never constitutionally enacted, so long as there is no supreme court ruling on the issue.
We reverse the order of the trial court and remand for further proceedings. If, as he alleged in his motion, Williams committed the offense of trafficking in methamphetamine within the Taylor window, the trial court shall resentence Williams pursuant to section 893.135(l)(f)(l)(a), Florida Statutes (1997). We certify con *216 flict with the Fourth and Fifth District cases with which we disagreed in Green.
Reversed and remanded, with instructions.
ALTENBERND, C.J., and SALCINES and COVINGTON, JJ., concur.

. The trial court in its order incorrectly refers to section 893.135(l)(f)(l)(b) and a seven-year mandatory minimum. However, the written sentence demonstrates the imposition of a minimum three-year mandatory term.

. See Taylor v. State, 818 So.2d 544, 550 (Fla. 2d DCA), review dismissed, 821 So.2d 302 (Fla.2002).

. See Green v. State, 839 So.2d 748, 749 n. 1 (Fla. 2d DCA 2003).

. The order in this case is one of several such orders currently on appeal in this court.

. See Green, 839 So.2d at 749 n. 1.