PER CURIAM.
Adalberto Tovar challenges the order of the trial court denying his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse and remand for further proceedings.
In his motion, Tovar alleged that he pleaded guilty to trafficking in fourteen grams or more but less than twenty-eight grams of methamphetamine. He further alleged that the three-year mandatory minimum term of imprisonment imposed by the trial court pursuant to section 893.135(l)(f)(l)(a), Florida Statutes (1999), is illegal based on our opinion in Taylor v. State, 818 So.2d 544 (Fla. 2d DCA), review dismissed, 821 So.2d 302 (Fla.2002). To-var’s claim is cognizable in a rule 3.800(a) motion where the error is apparent on the face of the record. See Williams v. State, 870 So.2d 213 (Fla. 2d DCA 2004). According to Tovar’s motion, he committed the offense of trafficking in methamphetamine on November 5, 1999, which is within the Taylor window.[1] Pursuant to Green v. State, 839 So.2d 748 (Fla. 2d DCA 2003), if Tovar committed the offense within the Taylor window, the trial court is required to resentence him under the 1997 version of section 893.135(l)(f)(l)(a). See McCabe v. State, 844 So.2d 703, 705 (Fla. 2d DCA 2003).
The trial court denied Tovar’s motion on the basis that this court’s opinion in Taylor has prospective application only. In support of its ruling, the trial court relied on State v. Callaway, 658 So.2d 983 (Fla. 1995), and Witt v. State, 387 So.2d 922 (Fla.1980). The trial court’s reasoning is erroneous. We reviewed an almost identical order in Williams, and in reversing the order of the trial court in the present case, we rely on the legal conclusions enunciated in that case.
Accordingly, we reverse the order of the trial court and remand for further proceedings consistent with this opinion.
NORTHCUTT, STRINGER, and SILBERMAN,' JJ., Concur.

. See Green v. State, 839 So.2d 748, 749 n. 1 (Fla. 2d DCA 2003).