944 So.2d 1014 (2005)
DEVELOPERS OF NORTHLAKE, INC., and Twin Cities Investors, Inc., Appellants,
v.
NORTHLAKE EQUITIES, INC., Appellee.
No. 4D04-2064.
District Court of Appeal of Florida, Fourth District.
September 7, 2005.
*1015 Reed B. McClosky of Freedman & McClosky, P.A., Fort Lauderdale, for appellants.
Jeffrey L. Hochman and Tamara M. Scrudders of Johnson, Anselmo, Murdoch, Burke, Piper & McDuff, P.A., Fort Lauderdale, for appellee.
PER CURIAM.
Corporate partners in a development project appeal an order enforcing a court-approved mediation settlement agreement. They argue the court erred in interpreting a provision regarding the payment of proceeds from the sale of a parcel of the development project. We agree and reverse.
The Northlake Shopping Center project is owned by two corporations, the Developers of Northlake (Developers) and Twin Cities Investors. Each of the two principal stockholders of Developers and Twin Cities involved in this dispute has a 50% ownership in each of these corporations. However, only one of them is associated with the owners of Northlake Equities, Inc. (Equities).
Developers and Twin Cities entered into an agreement to pay Equities $825,000 as a development fee for overseeing construction of phase I of the Northlake project. Disputes arose, one of which concerned the $825,000 fee. Not surprisingly, this resulted in litigation.
The parties agreed to have an independent Canadian attorney, Robert Raich, resolve the disputes. After conducting a two-day hearing, Mr. Raich rendered a decision. In paragraph 35, he determined that:
[w]ith respect to Northlake, I am satisfied that Equities deserves some compensation for its work but not in the amount of $825,000.00. I am satisfied that a fee of $300,000 is warranted to the end of phase I of this project, which amount I order to be paid to Equities on the sale of the project.
On August 23, 1999, the parties entered into a mediation settlement agreement, binding them to the arbitration decision. The trial court approved and ratified the mediation settlement agreement.
In March 2002, Developers and Twin Cities sold parcel No. 4, a small portion of phase I (2.76%), to Wendy's Restaurants. Developers and Twin Cities made no payment to Equities from the proceeds of the sale. Equities filed a "Verified Motion to Enforce the 8/23/99 Order," demanding 2.76% of the $300,000 determined in the arbitrator's decision. Developers and Twin Cities refused to pay, claiming that no money was owed to Equities until the Northlake project was sold in its entirety.
On April 16, 2004, the trial court held a hearing on Equities' verified motion. Each side claimed the arbitration provision was unambiguous. Equities argued the $300,000 should be paid on a pro rata basis as parcels of the Northlake project were sold. It suggested to the trial court that foregoing payment until the entire project is sold would lead to an unreasonable and absurd result intended neither by the arbitrator nor by the court that approved the settlement.
Developers and Twin Cities argued no payment was due until the last parcel of the Northlake project was sold. Alternatively, if the court found the provision ambiguous, then the arbitrator should be called upon to clarify the ambiguity.
*1016 The trial court adopted Equities' interpretation of the provision and granted the motion to enforce. The court ordered Developers to pay Equities $8,283.00 or 2.76% of the $300,000.[1] This appeal followed.
The provision adopted by the trial court in its order, incorporating the mediation settlement agreement, is subject to the common rules of construction and presents a question of law for the court. McCann v. Walker, 852 So.2d 366 (Fla. 5th DCA 2003). Parol evidence should only be considered if the wording is ambiguous. Friedman v. Va. Metal Prods. Corp., 56 So.2d 515 (Fla.1952). The parties obviously read the provision differently. Nevertheless, we find the language in paragraph 35 is clear and susceptible of only one interpretation.
Giving that language its plain meaning, the fee is warranted to the end of phase I, but is to be paid only upon the sale of the project. While it may make little sense to require Equities to await the sale of the entire project before it is compensated when it is overseeing only the development of phase I, that is precisely what the arbitrator's words say. The inequity of the outcome does not change the meaning of the words.
Because we find the language to be unambiguous, there is no need to consider the use of parol evidence or referral to the arbitrator for clarification. Further, neither party sought clarification of this provision within the statutory time frames of the arbitration statute. Such clarification is no longer an option. See § 682.10, Fla. Stat. (1999).
For these reasons, we reverse the order enforcing the mediation settlement agreement and the judgment for $8,283.00 and remand the case to the trial court for entry of an order denying Equities' motion to enforce.
FARMER, KLEIN and MAY, JJ., concur.
NOTES
[1] The trial court did not include Twin Cities in the order.