PER CURIAM.
Appellant seeks review of the trial court’s order on his motion for contempt *548 and1 enforcement. The motion stemmed from a provision of the amended final judgment authorizing spring break visitation: between Appellant and the parties’ minor child. We affirm the trial court’s decision to not hold appellee in contempt, but 'reverse the portion of the order improperly construing the spring break provision.
The construction of a judgment is npt permitted if the language contained therein is plain and unambiguous. McCann v. Walker, 852 So.2d 366, 367 (Fla. 5th DCA 2003). Absent any ambiguity, the language of the judgment must be given its literal meaning. Id. Ambiguity exists where more than one literal interpretation is reasonable. Id.
The amended final judgment in this case provides that in odd-numbered years, Appellant is entitled to spring break visitation from “the time Leon County public schools close for the Spring recess until the morning the' Leon County public schools reopen.” The trial court construed the clause to' provide a five-day visitation period beginning on Monday and ending on Friday.
We conclude that the trial court properly construed the portion of the final judgment defining when spring break visitation begins because there is more than one reasonable interpretation of that clause. We also agree with the trial court’s determination that spring break visitation begins on Monday. Leon County public schools do not close on Friday for spring break, but for observance of the weekend, during which schools are customarily not in session. Instead, the schools “close” in observance of spring break on Monday, the weekday that customarily begins the school week.
The trial court erred, however, in concluding that spring break visitation ends on Friday. The judgment provides that spring break continues “until the morning the Leon County public schools reopen.” Because this portion of the final judgment is not ambiguous, the trial court should have given the clause its literal meaning. See McCann, 852 So.2d at 366. Requiring that the child be returned on Friday would be contrary to the express language of the final judgment because the public schools do not “reopen” on Friday. Based on the express language, it is clear that Appellant’s visitation extends through the weekend until school reopens on the following weekday.
Accordingly, we reverse the trial court’s ruling to the extent that it modifies spring break visitation to end on Friday. We otherwise affirm the trial court’s ruling. Upon remand, the trial court should enter an order consistent herewith.
AFFIRMED, in part, REVERSED, in part, and REMANDED.
ERVIN, DAVIS and THOMAS, JJ., concur.