PER CURIAM.
 

 ON MOTIONS FOR REHEARING, CLARIFICATION AND CERTIFICATION
 

 We deny the Husband’s Motions for Rehearing, Clarification and Certification, but withdraw our earlier opinion and substitute the following in its place.
 

 Dilip Arcot, M.D. (the “Husband”) and Rama Balaraman, M.D. (the “Wife”) appeal and cross-appeal, respectively, the amended final judgment of dissolution of marriage, asserting numerous claims of error. In addition to the financial disputes between the parties, the Husband also appeals the trial court’s approval of the Wife’s request to relocate with the parties’ daughter from Ormond Beach to Ocala. We find no error regarding the relocation and affirm as to that issue without further discussion. However, we find several financial matters requiring correction as will be detailed hereafter.
 
 [1]
 

 Initially, the parties agree that the Husband is entitled to a credit of $8,472.73 against his child support arrearage. The parties also agree that the Bank of America account, ending in 9378, was included twice in the trial court’s equitable distribution to the Husband, once with a balance of $35,506.51, and a second time with a balance of $21,506.51. Having considered the record carefully, we conclude that the correct amount is $21,506.51, and that the equitable distribution schedule should be adjusted accordingly.
 

 The Husband next contends that the trial court erred by adding the Wife’s health insurance premium for their child to the basic child support calculation without
 
 *863
 
 also requiring the Wife to provide such coverage. We find no error in the court’s inclusion of the health insurance premium in the calculation of child support. However, the final judgment should be amended to require the Wife to provide health insurance for the child and to provide the Husband with a copy of the child’s health insurance card in the event that the child needs medical attention while in the Husband’s care.
 

 The Husband also disputes the trial court’s calculation of his child support ar-rearage. He contends that the court erred when it used the Wife’s estimated income for the year following dissolution instead of the parties’ actual income during the period that the Husband failed to pay child support. We agree with the Husband that the parties’ actual income must be used to calculate the retroactive child support award.
 
 Cameron v. Dickey,
 
 871 So.2d 1022, 1028 (Fla. 5th DCA 2004). On remand, the court should determine the actual income earned by the parties during the time of the arrearage and utilize those figures in calculating the award of retroactive support.
 

 The next area of disagreement concerns three checks, totaling $11,871.87, which were not treated as a marital asset, but instead as an asset of the Wife. The record supports the Husband’s contention that as of the valuation date, the Wife had earned the sum represented by the un-cashed checks in her possession. The Wife makes no compelling argument to demonstrate that this sum is not a marital asset. Accordingly, on remand, the amount of $11,871.87 shall be treated as a marital asset and equitably distributed.
 

 The Husband, Wife and child are practicing Hindus. The Husband argues that the trial court erred by not establishing a schedule for the child to celebrate the major Hindu holidays with the parents on an alternating basis. We agree. On remand, the trial court shall establish such a schedule to the extent that one can be drawn to minimize any impact on the child’s schooling.
 

 Finally, we address several minor matters. Paragraph 4 of the amended final judgment does not reflect the child’s full legal name. It appears this discrepancy may cause some difficulty in registering and enforcing the order in India or Australia should that become necessary. Accordingly, on remand, the judgment shall be amended to reflect the child’s full legal name as it appears on her birth certificate. We also agree that the Wife is entitled to interest prospectively on the amount of retroactive child support from the date that the court determined the arrearage and ordered payment. On remand, the trial court shall award interest at the statutory rate on the unpaid child support. Finally, we agree with the Wife that there was a mathematical error in the total of the assets attributed to her in the trial court’s amended final judgment. However, since the court must revisit the equitable distribution of the marital assets, we are confident that this error will be corrected. We find no merit in the remaining issues asserted by the parties.
 

 AFFIRMED in part; REVERSED in part; and REMANDED.
 

 PALMER, C.J., SAWAYA and ORFINGER, JJ., concur.
 

 [1]
 

 . This complex dissolution proceeding involving two high-earning physicians was difficult because the parties have assets in the United States, India and Australia. We agree with the trial court’s expressed concern that the parties' failure to cooperate with each other frustrated their attorneys' efforts to satisfy their respective evidentiary burdens and significantly complicated an already complex matter.