SHEPHERD, F., Associate Judge.
This is an appeal by a former husband from an order denying his motion to clarify an Amended Final Judgment of Dissolution with respect to summer visitation with the minor child born of the marriage. We conclude the trial court abused its discretion by failing to order alternate weekend visitation during the summer months.
The contestants in this post-dissolution dispute are two highly trained and high spirited medical professionals, whose marriage was dissolved in May .2007. This is their second appellate appearance before this Court. See Arcot v. Balaraman, 12 So.3d 861 (Fla. 5th DCA 2009). The focus of the first appeal, taken from the Amended Final Judgment of Dissolution, was financial. The focus of this appeal is on the parties’ now eleven-year-old daughter.
After affording the former husband alternate weekend summer visitation for the first two summers after entry of the Amended Final Judgment of Dissolution, *908 the former wife elected to deny him weekend visitation with the daughter during the summer of 2009. She says the earlier years’ visitation was gratuitous on her part. As a sure sign this is not the case, both parties argue the Amended Final Judgment is unambiguous and supports their respective positions. The trial judge, finding herself in the unenviable position of a successor trial judge between warring parties, found a provision of the Amended Final Judgment stating, “The father shall be entitled to two consecutive weeks with [the minor child] every summer,” to be exclusive. We disagree.
The Amended Final Judgment of Dissolution provided:
8. It is in the child’s best interest that the parties share parental responsibility for their minor daughter.... The parties have not expressly agreed that the court should designate the mother as primary residential parent for [daughter], but the father’s case concedes that [daughter] would primarily reside with her mother and see her father according to a schedule the court establishes.
The court will essentially adopt the material portions of Dr. Hoffman’s recommendations at page 13 of his report except for a mid-week overnight visit. The father shall be entitled to alternate weekend visitation commencing on the first Friday after the date of this Final Judgment. His visitation shall commence Friday at the close of [daughter’s] school day and continue through the following Sunday at 7:00 p.m. Either the father or a responsible adult he has designated will pick her up at school and return her to her mother’s residence. At least 24 hours before the child is picked up, the father shall advise the mother whom he has designated so the school can be notified in advance. If the person is not present to pick her up when school lets out for the day, [daughter] is free to go to her mother’s residence by her usual means. Once [daughter] has been picked up, it is the father’s responsibility to house and care for her during this time period unless the father agrees that the child should be returned early. The child shall not be left in the care of a nanny or babysitter unless the father is away from his residence due to medical employment.
[[Image here]]
HOLIDAYS: In odd-numbered years, the mother shall have Memorial Day weekend and the Thanksgiving holidays and the father shall have July Dh and the Labor Day weekend. This holiday schedule shall supersede the regular alternating weekend schedule. In even-numbered years this schedule will be reversed.
[[Image here]]
(d) MOTHER’S DAY AND FATHER’S DAY shall be spent with the appropriate parent who shall have the child for the entire weekend on this occasion regardless of how the normal alternate schedule falls.
[[Image here]]
SUMMER: The father shall be entitled to two consecutive weeks with [daughter] every summer. No later than April 15th of each year, the father shall advise the mother in writing of the two-week period he has selected. (Emphasis added).
Read in isolation, the provision of the Amended Final Judgment upon which the trial judge relied can be construed to limit the former husband to two consecutive weeks with the daughter during the summers (plus Father’s Day and every other July 4th), and no more. However, like marital settlement agreements and other *909 types of contracts, paragraphs and provisions in dissolution orders do not exist in hermetically sealed compartments. Cf. Gowni v. Makar, 940 So.2d 1226, 1229 (Fla. 5th DCA 2006) (holding that “the meaning of a contract is not to be gathered from any one phrase or paragraph, but from a general view of the writing as a whole, with all of its parts being compared and construed, each with reference to the others”).
Reading the pertinent provisions of the Amended Final Judgment of Dissolution in this case as a collective whole, as we are directed to do, we first note the Amended Final Judgment of Dissolution provides that “[t]he father shall be entitled to alternate weekend visitation commencing on the first Friday after the date of this Final Judgment.” There is no seasonal limitation in that pronouncement.
Second, after identifying and allocating two summer holidays — Father’s Day and every other July 4th — to the Father, the Amended Final Judgment states, “[t]his holiday schedule shall supersede the regular alternating weekend schedule.” This statement, of course, presupposes the existence of weekend visitation during the summer months.
Third, we note the Amended Final Judgment of Dissolution expressly states that the court intended to “essentially adopt the material portions of Dr. [Norman] Hoffman’s, recommendations at page 13 of his report except for a mid-week overnight visit.” Dr. Hoffman’s second and fifth recommendations read as follows:
2. To insure the best interest of the minor child, it is further recommended that a standard visitation schedule be secured. One parent should have every other weekend.
[[Image here]]
5. During the summer vacation, each parent should have at least a two-week uninterrupted visit with his or her daughter.
Not only do these recommendations call for a “standard visitation schedule,” ordinarily understood in the family law context to include alternate weekend visitation, but also the fact these two recommendations exist in separate paragraphs belies the former wife’s argument that the commencement and return times in the dissolution order impliedly limited the immediate prior provision that “[t]he father shall be entitled to alternate weekend visitation commencing on the first Friday after the date of this Final Judgment.”
The only substantial difference between the time-sharing recommendations made by Dr. Hoffman in his report and the time-sharing terms of the Amended Final Judgment of Dissolution is that the court did not accord standard mid-week visitation to the former husband. However, as fully explained in paragraph 9, the Amended Final Judgment also grants the former wife permission to relocate to Ocala, seventy-five miles from the residence of the father, making mid-week visitation impractical. It is clear the initial trial judge derived comfort in awarding this not insubstantial benefit to the former wife by his expectation, expressly re-stated in paragraph 9, that “the father will be with [the daughter] from Friday afternoon through Sunday afternoon every other weekend.”
In his report, Dr. Hoffman describes the acrimony between the parents in this case to be “irresolvable.” As every loving parent should know, visiting parental acrimony on the care of a minor child can only cause harm to the child. It should not take a citation to legal authority for these particular parents to appreciate the point. The Amended Final Judgment of Dissolution was crafted carefully to afford the *910 parents in this case the type of “frequent and continuing contact” with the minor child, contemplated by Florida’s dissolution of marriage law. See § 61.13(2)(c)(l), Fla. Stat. (2010) (“It is the public policy of this state that each minor child has frequent and continuing contact with both parents after the parents separate or the marriage of the parties is dissolved and to encourage parents to share the rights and responsibilities, and joys, of childrear-ing”). The trial court abused its discretion by misinterpreting the Amended Final Judgment of Dissolution to deprive the father alternating weekend visitation during the summer months.
REVERSED and REMANDED for further proceedings consistent with this opinion.
EVANDER and JACOBUS, JJ., concur.